## Miller et al. v. O'Connell.

May 13, 1947.

William B. Ardery, Judge.

Eldon S. Dummit, Attorney General, and Ben B. Fowler, Assistant Attorney General, for appellants.

Funk, Chancellor & Darnell for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

On this appeal the validity of House Resolution No. 14, Chapter 255, Acts of 1946, is questioned. The resolution authorized Charles K. O'Connell, Secretary of State of the Commonwealth of Kentucky, to pay out of funds therein appropriated to A. E. Funk, attorney, the sum of $2,500, with interest at the rate of six per cent. from May 5, 1944, and directed the Commissioner of Finance to honor the requisition of the Secretary of State and to draw his warrant in favor of A. E. Funk for the sum therein appropriated. The Treasurer of the Commonwealth of Kentucky was directed to issue his check to A. E. Funk for the sum appropriated. The nature of the services rendered by the attorney were set forth in a long preamble, which recited that the General Assembly, at its regular 1944 session, passed House Bill No. 255, c. 134, which was an Act permitting persons absent from the State of Kentucky to register and vote in all elections in which electors for President and Vice-President of the United States, United States Senators and Representatives in Congress were to be voted for; that the Act became effective on March 17, 1944, and on May 5, 1944, the Attorney General of Kentucky filed a suit in the Franklin circuit court against Charles K. O'Connell, Secretary of State, contesting the constitutionality of the Act, and the Secretary of State employed A. E. Funk to defend the action; and that a written contract of employment was prepared and presented to the Governor of Kentucky and the Attorney General for their approval, but they refused to approve it on the ground that they had no authority by law to author-

ize the payment to the attorney for services rendered in the case. The employed attorney was successful in his efforts to have the Act to be declared constitutional by the courts. Commonwealth ex rel. Dummit, Attorney General, v. O'Connell, Secretary of State, 298 Ky. 44, 181 S. W. 2d 691. The Commissioner of Finance refused to honor the requisition of the Secretary of State, and the latter brought this action against the Commissioner of Finance and the State Treasurer to enforce compliance with House Resolution No. 14. A. E. Funk filed an intervening petition, and asked for a declaration of the rights of the parties. A general demurrer filed by the defendants was overruled, and the defendants declined to plead further. The court then entered a judgment in conformity with the prayers of the petition and intervening petition.

Appellants contend that the General Assembly exceeded its constitutional powers in the enactment of House Resolution No. 14, and that the resolution is invalid. It is conceded that the resolution does not vio· late the prohibition on special legislation contained in subsection 13 of section 59 of the Constitution in view of this court's construction of that subsection in Carroll v. Bosworth, 151 Ky. 337, 151 S. W. 916, Pennington v. Shannon, 270 Ky. 142, 109 S. W. 2d 389, and Department of Finance v. Dishman, 298 Ky. 545, 183 S. W. 2d 540, 155 A. L. R. 1429, but it is argued that the resolution does run afoul of the following provision of section 60 of the Constitution: "No law shall be enacted granting powers or privileges in any case where the granting of such powers or privileges shall have been provided for by a general law, nor where the courts have jurisdiction to grant the same or to give the relief asked for."

It is claimed that the General Assembly had enacted a general law which set up a method by which outside attorneys might be employed by a department of the State. This law was Chapter 106 of the Acts of 1942, later sections 12.150 to 12.180, inclusive, in the 1942 edition of the Kentucky Revised Statutes. It required the Governor's approval of the terms of employment and the compensation to be paid to the attorney. The Act apparently was intended to apply to full-time attorneys, since it provided that his compensation should not exceed $5,000 per annum, and that he should devote his

full time to rendering legal services for the department or departments by which he was employed, but, be that as it may, the Act did not provide for a case of emergency or one in which the Attorney General had an adverse interest. The 1942 Act was repealed by Chapter 7 of the Acts of 1944, now KRS 15.050, which provides that: "No state officer or agency shall employ or be represented by an attorney other than the Attorney-General unless an emergency arises which, in the opinion of the Attorney-General, requires the employment of other or additional counsel to protect the interest of the Commonwealth, or a litigation arises in which the Attorney-General has an adverse interest. In either event the Attorney-General shall in writing set forth the reasons for the employment, and request the Governor to employ other or additional counsel."

It further provides that before other or additional counsel is employed, his compensation shall be fixed by written contract by the Attorney General and the counsel subject to the approval of the Governor. The 1944 Act did not become effective until ninety days after the adjournment of the General Assembly, and therefore has no application to the present case. Here, the Attorney General had an adverse interest, and an emergency existed. The General Assembly had passed an absentee voters' law primarily intended to enable persons in the armed forces to vote in primary and general elections in which candidates for Federal offices were voted for, and had placed on the Secretary of State the duty of administering the Act. The Attorney General sued the Secretary of State, and sought to prevent him from carrying out the provisions of the Act on the ground that the Act was unconstitutional. It was the duty of the Secretary of State to defend the suit, and it was necessary that he be represented by an attorney other than the Attorney-General or one of the latter's staff. An election was close at hand, and the exigencies of the occasion required immediate action. It appears from the pleadings that the Governor refused to approve the contract on the theory that Chapter 106 of the Acts of 1942 had no application, and that he therefore was without any authority in the premises. In view of the emergency which existed, the Secretary of State had no choice except to proceed with employed counsel. No

question has been raised as to the reasonableness of the compensation fixed by the contract. The General Assembly approved the contract and appropriated the necessary funds to pay the amount named therein. There can be no doubt that it had authority to pass the resolution in question. Carroll v. Bosworth, supra.

Judgment is affirmed.