O’NIELL, J.
Defendant has appealed from a judgment allowing plaintiff compensation under the Employers’ Liability Act. The court allowed $11.25 a week for 256 weeks commencing on the 21st of May, 1921, Answering the appeal, plaintiff prays that the allowance be increased to $16 a week for 355 weeks commencing on that date.
[1,2] Appellant contends that the suit should have been dismissed on a plea of prematurity, which was filed in the district court. The complaint, in that respect, was that defendant had paid regularly the maximum allowance, $16 a week, when the suit was filed, and had paid for doctors’ bills and for a surgical operation more than the law allowed plaintiff. Defendant contends that there was no dispute about the obligation, and therefore no occasion for a lawsuit. There was a dispute, however, in that defendant would not admit liability for a definite amount of compensation or for a definite period, or admit that the injury or disability was within any particular class, under section 8 of the Act 38 of 1918, p. 49, which governs this case. According to section 17 of the statute, if the parties had agreed upon' a settlement, the agreement would not have had effect without the approval of the court. Appellant has no cause to complain of the weekly compensation allowed, because it is less than appellant was paying and willing to continue to pay, without admitting-liability for any definite period.
[3] The evidence shows, and it is not disputed, that the injury complained of has produced permanent though only partial disability. Plaintiff’s right arm was fractured above the elbow; and, when reset — for it had to be set a second time — a serious deformity resulted. The arm is permanently bent, is three inches shorter than the other arm, and is permanently weakened. The injury is therefore within the class defined in subsection (e) of section 8 of the statute, viz.:
“For injury producing partial disability to do work of any reasonable character, fifty-five per centum of difference between wages at the time of the injury and wages which the injured *803 employee is able to earn thereafter during the period of disability, not, however, beyond three hundred weeks.”
[4] The estimate of the loss of wage-earning capacity, $11.25 per week, is correct, according to the evidence. There is therefore no, merit in appellee’s demand for an increase of the allowance per week. To extend the period beyond 256 weeks would be contrary to the statute, because defendant paid compemsation for 44 weeks.
[5] The district court was in error, however, in fixing the period of compensation, absolutely, at 256 weeks. It should have been fixed at “the period of disability,” not, however, beyond 256 weeks.
[6] Appellant has filed a motion to remand this case for the purpose of showing that plaintiff’s wage-earning capacity has increased since the trial. The motion is accompanied by affidavits purporting to verify the .averments and is contradicted by counter affidavits filed by appellee. Section 20 of the statute provides for a modification of such a judgment at any time by agreement of the parties, with the approval of the judge who rendered it, or by a review of the case by the court at any time after one year from the date when the judgment shall have become operative. The year would have expired within a month from this date if defendant had not appealed. To reopen and remand the case now would be the same as to annul the judgment and grant a new trial. Such a proceeding, perhaps in any case coming within the provisions of the statute, would defeat the very object of section 20; for it would deprive the judgments in such cases of all stability or value.
The judgment appealed from is amended by making the compensation, at $11.25 a week, payable “during the period of disability,” not, however, beyond 256 weeks from the 21st of May, 1921, and subject to modification under the provisions of section 20 of Act 38 of 1918, p. 59. As amended, the judgment is affirmed. Defendant is to pay the costs of the district court, and plaintiff the costs of appeal.
Rehearing refused by Division O, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.