Plaintiff alleged in his petition that he sustained a serious injury while working for the Home Oil Service Station in Baton Rouge on October 30, 1945; that said injury has rendered him totally and permanently disabled, and he brought this suit to recover of the defendant insurance company the maximum compensation of $20 per week for 400 weeks, less the amount already paid, plus medical expenses incurred of $713.88 listed in his petition, as well as such other medical expenses as may be incurred on account of said injury. Plaintiff did not make his employer a party to the suit. *Page 208 
As plaintiff alleged in his petition that he was being paid the maximum weekly compensation, he made the following allegations in paragraphs 16 through 24 of his petition, evidently for the purpose of meeting an anticipated plea of prematurity:
"Petitioner alleges that compensation has been paid to him at the rate of Twenty Dollars ($20.00) per week by defendant, but that defendant will not agree that this compensation is being paid as for total and permanent disability, and will not agree that this compensation is being and will be paid under Section 8, paragraph 1, subsection (b) of the Louisiana Workmen's Compensation Act, Act No. 242 of 1928, p. 357; that the said defendant has refused to agree as above stated.
"Petitioner further alleges that the defendant has failed to pay and refused to pay the medical bills above listed, and petitioner alleges on information and belief that the defendant has not paid any of the said medical bills, and that they are all unpaid.
"There may be other medical bills unknown to petitioner, besides the ones above listed, and if so, petitioner alleges that the defendant, for the reasons above stated, should be ordered to pay all of said medical bills.
"Petitioner alleges that he is prejudiced by the refusal of defendant to agree respecting the character of petitioner's disability; that there is no reasonable basis for this refusal on the part of defendant, particularly because medical reports from all the doctors who have attended petitioner have been delivered to defendant, and in fact, defendant has caused petitioner to be examined by two reputable physicians of its own selection and the fact that petitioner is totally and permanently disabled is evident from the reports of the physicians selected by defendant.
"Petitioner alleges that unless he is permitted to obtain a decree from this Court decreeing that he is totally and permanently disabled, defendant may ultimately discontinue the payment of compensation before its legal liability to petitioner has ceased, and petitioner would then have great difficulty in obtaining the necessary medical evidence, and it might be impossible for petitioner at that time to obtain the necessary medical evidence to support his claim, which would prejudice the rights of petitioner.
"Petitioner further alleges that no reasonable ground exists for the refusal of defendant to agree that his disability is total and permanent within the meaning of the Louisiana Workmen's Compensation Laws and the jurisprudence of the State of Louisiana interpreting said laws.
"Petitioner further alleges that no reasonable basis exists for the refusal of defendant to pay, and the failure of defendant to pay, the medical expenses incurred for examinations and treatment of petitioner, including hospitalization.
"Petitioner alleges that some of the medical creditors have demanded payment from petitioner of these bills, and that unless the bills are paid, conceivably some of the medical creditors might file suit against petitioner himself, although the bills were authorized and incurred by petitioner's employer, as above stated, and ratified and approved by the defendant.
"Petitioner recognizes that any award made by this Court should be subject to appropriate credit for compensation previously paid and such as may be hereafter paid before such an award is entered, and petitioner alleges that this suit is brought for two purposes, — first, to adjudicate his rights and have a Court award so that petitioner's rights in the future will be protected, and second, to require payment of the medical bills above described."
Defendant filed a plea of prematurity and an exception of no cause or right of action, which plea and which exception were sustained by the trial court and plaintiff's suit was dismissed. From this judgment of dismissal, plaintiff has appealed
Before the amendment of Section 18 of Act No. 20 of 1914, the Employers' Liability Act, by Act No. 85 of 1926, an employee could file a suit and obtain a judgment on his claim for compensation, even though he was being paid the maximum allowance, *Page 209 
where the employer would not admit liability for a definite amount or for a definite period, or admit that the injury was within any particular class. Daniels v. Shreveport Producing 
Refining Corporation, 151 La. 800, 92 So. 341. This ruling was based on the ground that Section 18 permitted either party to file a suit in case of a dispute over, or failure to agree upon a claim for compensation. It was held that a failure to agree on the nature, extent and period of the disability constituted such a dispute as to justify the bringing of an action to have the disputed matter adjudicated.
However, in the amendment of Section 18 by Act No. 85 of 1926 (after the above ruling was announced), two paragraphs were added to subsection 1 of the Section designated (B) and (C). In our opinion, these two paragraphs were added to the subsection in order to prevent the filing of a suit by an injured employee against his employer where the employer is paying full compensation, even though the employer would not admit the extent of the disability nor the period of time he would continue to pay this maximum compensation. Indeed, the plain wording of paragraph (B) of this amended subsection could mean nothing else. The added paragraph says that unless the injured employee or his dependent alleges in his complaint that he is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which he is entitled under the provisions of the act, the filing of his suit shall be premature and shall be dismissed.
[1, 2] In the present case, the plaintiff not only has failed to allege that he is not being or has not been paid the maximum compensation to which he is entitled, and that his employer refuses to pay such compensation, but he affirmatively alleges that his employer is paying full compensation. For us to hold that he can maintain his suit for compensation under these circumstances would be tantamount to repealing or ignoring this amended paragraph of subsection 1 of Section 18. Whether or not this is a wise and wholesome provision is not for us to determine; the wisdom of the provision rests with the legislative branch of the government.
The fact that the Legislature intended to prevent a compensation claimant from prosecuting a suit against his employer for compensation while the latter is paying full compensation is further indicated by the other added paragraph (C) to subsection 1 of Section 18, which gives the right to either party to take depositions de bene esse to preserve the testimony in case litigation should arise over the claim on account of the accident. This paragraph was evidently intended to serve as a kind of protection to the party who was prevented by the other added paragraph (B) from maintaining the suit so long as full compensation was being paid, and in case the employer should cease paying the compensation, the claimant was given an opportunity to take and preserve his evidence against such an eventuality.
In the cases of Moss v. Levin et al., 10 La. App. 149, 119 So. 558, 120 So. 258, and Reiner v. Maryland Casualty Company, La. App., 185 So. 93, we held that where an injured employee was being paid the maximum amount of compensation to which he was entitled, he could not maintain a suit to have the nature, extent and period of his disability fixed by a judgment of court as his action for that purpose was premature under the provisions of Section 18, as amended. We adhere to our holdings in those cases as being correct.
Learned counsel for plaintiff seem to hang their hope on a statement made in the majority opinion of the Supreme Court in the case of Thornton v. E. I. du Pont de Nemours Co.,207 La. 239, 21 So.2d 46, 50, to the following effect: "We had decided in Daniels v. Shreveport Producing Refining Corp.,151 La. 800, 92 So. 341, in 1922, that the suit for compensation under the Employers' Liability Act was not premature where the employer had continued to pay the maximum amount of compensation due to the injured employee but would not admit liability for a definite amount or for a maximum period. To the same effect was the ruling in Ford v. Fortuna Oil Co.,151 La. 489, 91 So. 849, in *Page 210 
1922. The authority of these decisions was not impaired by Act No. 85 of 1926."
However, as we read the Thornton case, we are satisfied that the whole difference of opinion among the members of that court arose on the question of whether or not the prematurity of an action would exist if the employer continued to paywages equal to or in excess of the compensation to which the employee would be entitled. The majority opinion held that the payment of wages after the accident was not equivalent to the payment of compensation in so far as the prematurity of the action was concerned. Referring to the amendment of section 18, the majority opinion states: "According to this subsection, what makes a suit for compensation premature is, not the failure of the employee to allege that the employer has not paid him his wages, but the failure of the employee to allege that the employer has not paid him compensation, since the accident happened."
So that in the present case, the plaintiff can get no comfort from the first quoted statement of the majority opinion in the Thornton case, as the plaintiff alleges that he is receiving from his employer compensation and not that he is receivingwages. Therefore, we are bound to conclude that in so far as plaintiff's suit is for compensation, the exception of prematurity was properly sustained.
However, as to plaintiffs claim for medical expenses, we believe he has alleged a state of facts which entitles him to maintain his suit. He alleges that certain medical expenses were incurred and that his employer agreed to pay all these medical expenses, and that the defendant insurance company ratified said agreement. In its plea of prematurity, the defendant alleges that, in the event it is held liable for compensation, it will pay medical expenses not to exceed the amount of $500.
[3-5] It will be seen from the position taken by the defendant that, while it has not paid any medical expenses, it agrees to pay the maximum amount if it is held liable for compensation, and the medical expenses are proved. How can plaintiff ever prove any medical expenses unless he is permitted to maintain his suit? Defendant is not in a position to claim that plaintiff cannot prosecute his suit for medical expenses as it admits liability for compensation. The question at issue relative to medical expenses is the amount which defendant should pay plaintiff for these expenses. While the law itself fixes the obligation on the defendant to pay an amount not over $500, the exact amount due by defendant has not been adjudicated by a judgment of court. Moreover, plaintiff alleges, and thereby puts at issue, the question of whether or not the defendant has by special agreement obligated itself to pay all of the medical expense even though it exceeds the maximum sum of $500.
Medical expenses are due by the employer (and his insurance carrier) to the employee, and are not recoverable by any person except the employee as he is primarily responsible for his medical treatment, unless by some special agreement the employer and his insurance carrier have agreed directly with those furnishing the medical expenses to pay the same. North Louisiana Clinic v. Breen et al., La. App., 193 So. 208. The judgment decreeing liability on the part of the employer should be in favor of the employee, and the distribution of the amount of the judgment among those rendering the services, where the total amount for services exceeds the judgment, is to be made by the employee, and not in the judgment itself. Bettison v. Ford, Bacon Davis, Inc., et al., La. App., 11 So.2d 25. Therefore, in this case, if the plaintiff proves the amount of medical expenses which he claims in his petition, he would be entitled to recover a judgment for at least the maximum amount of $500, and it would be up to him to distribute among his creditors for such service the amount so recovered by him.
[6, 7] The question of whether or not the employer and the defendant insurance carrier have by agreement, as alleged in the petition, extended the liability beyond the amount fixed by law is a question of proof. O'Ferrall v. Nashville Bridge Co.,165 La. 963, 116 So. 399. An employee is entitled to recover for medical expenses incurred by reason of a compensable injury, *Page 211 
even though he may not be able to obtain a judgment on his claim for compensation. Brown v. Travelers' Insurance Company, La. App., 149 So. 290.
For the reasons assigned, it is ordered that the judgment appealed from be affirmed in so far as it sustained the plea of prematurity to plaintiff's action for compensation; that in all other respects, said judgment be and the same is hereby annulled and set aside, and the case is remanded to the district court for trial on the question of the liability of the defendant for the medical expenses claimed in the petition, all in accordance with law and the views herein expressed; defendant to pay the cost of the appeal, and all other costs to await the final termination of the cause.