This is a suit for workmen's compensation instituted under the provisions of Act 20 of 1914 and its amendments, for total, permanent disability, arising out of an accident which is alleged to have occurred on June 17, 1946 while plaintiff was engaged *Page 771 
in carrying out orders and instructions of his foreman, while employed by the Leesville Spoke Handle Company, the business conducted by the defendant, E.L. Oxendine. The suit is directed against the employer and his compensation insurance carrier, Maryland Casualty Company.
To the petition both defendants interposed an exception of prematurity based on an affirmative allegation made by the plaintiff to the effect that he was, at the time, being paid the maximum compensation to which he was entitled under the law.
The district judge sustained the exception of prematurity and dismissed plaintiff's suit at his costs, and from the judgment so decreeing the plaintiff has taken this appeal.
[1] The issue involved in the case is centered on the effect that has to be given to the amendment to Sec. 18 of the original Workmen's Compensation Law, by Act No. 85 of 1926. By the amending act, there were added two paragraphs to subsection 1 of Sec. 18, one of which seems to be controlling on the question at issue in this case and in others that were presented before it. That is the paragraph designated by the letter (B) and which reads as follows: "Unless in the verified complaint above referred to (meaning the petition) it is alleged * * * that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation or filing of such complaint shall be premature and shall be dismissed." The meaning of the words "the maximum per centum of wages to which petitioner is entitled under the provisions of this act," was the subject of controversy in the case of Thornton v. E. I. Du Pont De Nemours Co., 207 La. 239, 21 So.2d 46, 50. This court had interpreted the phrase to mean that when an employer was paying the injured employee the full amount of the wages he was receiving prior to his injury, either as a sort of gratuity or for performing lesser duties, the employee was then receiving the maximum per cent in wages to which he was entitled under the act, and consequently a suit filed by him for compensation under those circumstances was premature. The Supreme Court however disagreed and held that the words "maximum per centum of wages" in the amended section meant "the maximum amount of compensation" to which the employee was entitled. We understand the ruling of the Supreme Court to be that in a suit where the injured employee failed to allege in his petition that his employer had not paid him compensation since the accident causing his injury had happened or that he had refused to pay, his suit was premature and would have to be dismisssed under Par. (B) Sub-Sec. 1 of Sec. 18 of the act.
[2] In the case before us not only has plaintiff failed to allege that he was not being paid compensation, or that his employer had refused to pay him, but he has in Paragraph 14 of his petition, alleged that to the contrary, he "is now being paid the sum of Twenty no/100 Dollars per week by the defendant, Maryland Casualty Co., insurer of E.L. Oxendine." That of course would seem to dispose of the issue without further comment.
[3] However plaintiff further alleged in Paragraph 16 of his petition that there exists a dispute between himself and the compensation insurance carrier as to the amount due him and that he is entitled to a judgment fixing his compensation for the maximum amount recoverable under the statute, and he argues in his brief, that because of that controversy, and especially because of a letter written to his attorneys by the insurance carrier, which is annexed to his petition, in which it is stated that they will pay him 125 weeks compensation, as for the loss of a hand as provided for in the Compensation Act, the issue as to whether his injury is total or permanent, or comes under a specific clause of the Compensation Act involving the loss of a member, is directly placed before the court and he is entitled to have that issue judicially determined at this time. He relies, in support of his contention, on certain cases decided by the Courts of Appeal and the Supreme Court, prior to the amendment of the Compensation Act by Act 85 of 1926, *Page 772 
among them being the case of Daniels v. Shreveport Producing 
Refining Corp., 151 La. 800, 92 So. 341, reference to which is specifically made in the opinion by the Supreme Court in the case of Thornton v. E. I. Du Pont De Nemours Co., when it stated, after discussing those former decisions, that their authority had not been impaired by Act 85 of 1926. That same argument was made before this court since the decision of the Thornton case in the case of Lanoue v. Century Indemnity Co.,30 So.2d 207, in which the matter was thoroughly discussed and in as much as one of the points raised and decided in that case is the very point involved in the present case, we do not see the necessity of going all over the matter again just for the sake of repetition. When the Supreme Court stated that the authority of those older decisions had not been impaired by the amending act of 1926, we take it that it meant that they were properly decided under the law as it existed at that time, but in view of the many statements otherwise made with reference to the amendment, we certainly do not think that it meant to hold that they were authority under the law as it exists today.
[4] We do not think that the statment contained in the letter attached to the plaintiff's petition has any effect whatever on the issue that arises in this case. If the defendant insurance company has determined, in its own mind, at the present date, that plaintiff is entitled to 125 weeks compensation instead of 400 weeks, that certainly can't have any effect on his contention if he still persists in it, at the expiration of the 125 weeks, that his disability is total and permanent and that he is entitled to 400 weeks compensation. Should the insurance carrier remain firm in the view which it takes of his disability, and refuse to pay him any further compensation, then will be the time for him to present his complaint to the court and allege that he is not being paid and that his employer or his insurance carrier is refusing to pay him compensation, and his suit then will no doubt be entitled to a hearing. Until that time however and as long as he is being paid all compensation that is due him, under the statute, we cannot think otherwise than that his suit has to be considered as premature under the amending provisions of the compensation statute by Act 85 of 1926.
The judgment appealed from correctly sustained the plea of prematurity, and it therefore stands affirmed at the costs of the plaintiff, appellant herein.