This is a workmen's compensation suit in which plaintiff alleges permanent and total disability and claims compensation at the rate of $20.00 per week for a period of 400 weeks, less credit for amounts paid. Defendants, the employer and his insurer, interposed a plea of prematurity alleging the payment of 65% of plaintiff's wages from the date of the accident, April 29, 1948, to date of the filing of plea, and further alleging that "* * * they are continuing to pay plaintiff his weekly compensation in said amount as same accrues".
A hearing was had on the plea of prematurity and the evidence adduced thereon definitely establishes plaintiff's wages during his employment as having been fixed at $27.50 per week. By stipulation it was agreed that from the date of the accident to date of October 19, 1948, compensation had been paid plaintiff on a salary basis of $25.00 per week, which payment was increased on October 19, 1948, to a payment of $17.875 per week based on a weekly wage of $27.50, and that on said date plaintiff was paid the sum of $104.00 covering the difference to him as between compensation predicated on a wage of $25.00, and that which was properly due on the correct wage of $27.50.
After hearing, the court sustained the plea of prematurity and dismissed plaintiff's suit, appropriately allocating the accrued costs, and from this judgment plaintiff brings this appeal.
While counsel for plaintiff continues to urge the claim of the maximum amount of $20.00, as we have above noted, the evidence on trial of the plea of prematurity is convincing as to the correctness of plaintiff's wages at $27.50 per week and the compensation paid thereon in the amount of $17.875 per week, which fact was properly accepted by the District Court as having been established.
Additionally it is contended on behalf of plaintiff that, despite the plea of prematurity on the part of defendants, he is entitled to have the period of disability fixed by trial on the merits in this proceeding. To so hold would have the effect of entirely eliminating any virtue whatsoever with respect to the plea of prematurity. Subsection 1 (B) of Section 18 of the Workmen's Compensation Act, as amended, Act No. 85 of 1926, p. 121, specifically provides:
"Unless in the verified complaint above referred to it is alleged (where the complaint is filed by the employee or his dependents) that the employee or the dependent is not being or has not been paid, and that the employer has refused to pay the maximum per centum of wages to which petitioner is entitled under the provisions of this act, the presentation of filing of such complaint shall be premature and shall be dismissed; when such allegation is contained in such complaint and is denied by the employer at the time fixed for the hearing thereunder by the Court, if it be shown that such allegations are without reasonable cause or reasonable foundation in fact, said complaint shall be dismissed; and the question of whether or not such allegation of non-payment is justified under the facts shall be determined by the Courts before proceeding with the hearing of the other issues involved."
The procedure in this case has been exactly in accord with the requirements of the above quoted statutory provisions and the record before us establishes the payment of compensation to plaintiff on the basis of the maximum percentage of his correct wages.
Plaintiff's contention is untenable and the identical proposition has been definitely settled by numerous cases in our jurisprudence, among which we note and cite Lanoue v. Century Indemnity Co., La. App., 30 So.2d 207.
It is true that plaintiff's counsel in brief has made the statement that payment of compensation was discontinued by defendants as of June 2, 1949. This is dehors the record and, accordingly, cannot be considered by this Court. *Page 299 
For the reasons assigned the judgment appealed from is affirmed and costs of this court are assessed against plaintiff.
TALIAFERRO, KENNON and HARDY, JJ., sitting.