AYRES, Judge.
This is an action for workmen’s compensation arising out of the death, on February 12, 1958, of Alfred Lee Moore which allegedly occurred in the course and scope of his employment as a bulldozer and drag-line operator with Bridges and Bell, a commercial partnership composed of R. C. Bridges and Donnell Bell.
Plaintiff is the surviving widow of the said Alfred Lee Moore, who appears in her individual capacity and as representa *391 tive of their two minor children. Named defendants are the aforesaid partnership and its individual members.
Defendants, joined by their workmen’s compensation insurer, Employers Insurance Company of Alabama, filed and successfully urged in the district court an exception and plea of prematurity and, from the judgment thus rendered and signed, plaintiff has appealed.
As a basis for a cause of action, plaintiff alleged that her husband, although suffering from arteriosclerosis and heart trouble but otherwise in apparent good health and without complaints, departed from his residence for work as a drag-line operator on the morning of February 12, 1958; that, although the weather was extremely cold, he worked until noon and then went to a cafe for lunch, where he suffered shortness of breath and complained of pain and discomfort in his chest; and that, after eating only a small portion of his lunch, he started back to the job site and en route was stricken with excruciating pain in the chest, from which he collapsed and expired. Soon thereafter, he was seen by Dr. Jacob Segura of Mansfield, who pronounced his death was caused from a heart attack. Plaintiff then alleged “that decedent’s death was caused, precipitated, and brought about by the strenuous physical exertion and strain occasioned by his work immediately prior to his seizure; together with the weather conditions and the preexisting condition of decedent’s heart and blood vessels.” The petition contains the further allegation: “That petitioner has been paid no compensation or burial expenses as is required by law, although amicable demand therefor has been made.”
Defendants’ plea is predicated upon the proposition that no demand was made by plaintiff on defendants for the payment of compensation or funeral expense, thereby specifically denying plaintiff’s allegation that “ * * * amicable demand therefor has been made” and affirmatively-asserting there had been no refusal to pay compensation. Additionally, by an amendment to the plea, defendants aver that notice was not given to defendants of any alleged injury which their employee may have suffered, or which might have aggravated a pre-existing condition. Wherefore, it was prayed that the plea of prematurity be tried and determined before respondents were required to answer to the merits of plaintiff’s claim; and that, of course, on trial of the plea it be sustained and plaintiff’s action dismissed.
In giving consideration to the plea of prematurity, attention and discussion will be first directed to the complaint of lack or want of notice of the employee’s injury and death. The applicable section of the statute is LSA-R.S. 23:1291, which provides, in part:
“No proceedings under this Chapter for compensation shall be maintained unless notice of the injury has been given to the employer within six months after the date of the injury or death.”
However, under LSA-R.S. 23:1295, provision is made for dispensing with the notice, above prescribed, under certain conditions. In this section of the statute, it is provided:
“Want of notice or delay in giving notice shall not be a bar to proceedings under this Chapter if it is shown that the employer, or his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice.”
From the evidence given on the trial of the plea by both members of the defendant partnership, it is established that both of them knew that Moore was engaged in the discharge of his duties under their employment on February 12, 1958, and that, soon after the occurrence, they were apprized and informed of the time and place of the incident, and the nature and cause of the alleged injury purportedly precipitat *392 ing his death; and, of his death, they had knowledge momentarily after its occurrence. One of them, at least, attended his funeral; and the partnership contributed $200 to the funeral expense, presumably an amount in excess of that payable under a policy of burial insurance. From this testimony, the conclusion is inescapable that the employers had knowledge of the accident, if it was, in fact, an accident, and of the employee’s death. Moreover, it is not shown or contended the employers have, in any manner, or to any extent, been prejudiced from the want or lack of additional information. We, therefore, conclude that defendants’ complaint as to the lack or want of notice is without merit.
The principal complaint of the defendants is predicated on the alleged .non-compliance with the provisions of the statute, LSA-R.S. 23 :1314, as regards the requirement of a demand on the employers for payment of compensation and/or the other benefits provided by the statute, and as to the refusal of the employers to make such payment. This section of the statute, as amended by Act 539 of 1950, reads as follows :
"Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished the proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practitioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed; when such allegations are contained in such petition and are denied by the employer at the time fixed thereunder by the court, if it be shown that such allegations are without reasonable cause or foundation in fact, such petition shall be dismissed; and the question of whether or not such allegations of nonpayment or of failure to render medical attention or failure to furnish medical reports is justified under the facts shall be determined by the court before proceeding zvith the hearing of the other issues involved(Emphasis supplied.)
That portion of the aforesaid section of the statute emphasized hereinabove contains substantially the language of the section as incorporated by the amendment under Act 85 of 1926, and that portion of the section is only material to a consideration of the issues presented here. No further notice need be given herein to the further changes effected by the amendment under Act 539 of 1950.
Our first consideration and concern is the applicability vel non of the provisions of the aforesaid statute to the allegations and the facts as were established upon the trial of the aforesaid plea of prematurity. We are constrained to hold that this section of the statute has no application in the instant case. In Thornton v. E. I. du Pont de Nemours & Co., 207 La. 239, 21 So.2d 46, 48, it was stated that the aforesaid section “has reference to cases only where the employer pays the compensation due to an injured employee, or to his dependents in the case of a fatal injury.” It was held, therefore, that where a petition of an injured employee alleged that the employee had been paid no compensation by the employer since the date of the accident, the sustaining of a plea of prematurity, on the face of the pleadings, was improper.
In D’Antoni v. Employers’ Liability Assurance Corporation, 213 La. 67, 34 So.2d 378, 380, where plaintiff’s demands were resisted by a plea of prematurity in which it was asserted that the petition did not allege that the employer refused to pay the maximum percentage of wages to which *393 plaintiff was entitled under Subsection 1 (B) of Section 18 of the Employers’ Liability Act, Act No. 20, of 1914, as amended (LSA-R.S. 23:1314), it was stated:
“The sole purpose of the requirement of Subsection 1(B) of Section 18 of the Act is to permit a summary dismissal of any suit where the employer is paying compensation to the employee whether it be in the form of wages or not.” (Emphasis supplied.)
In that case the Supreme Court declared, in effect, the purpose of this section of the statute to be to afford relief to an employer who is paying compensation, but the amount or sufficiency of which is disputed by the claimant. On the trial of a plea of prematurity in such instances, if the employer’s position as to the adequacy of the payments made is upheld, he, as well as the claimant, is saved the time which would have been consumed and the expenses which would have been incurred in the trial of a case on its merits.
In this connection, further explanation is made of the purpose of the amendment of the statute in Lanoue v. Century Indemnity Co., 30 So.2d 207, 208-209, wherein the Court of Appeal for the First Circuit stated:
“Before the amendment of Section 18 of Act No. 20 of 1914, the Employers’ Liability Act, by Act No. 85 of 1926, an employee could file a suit and obtain a judgment on his claim for compensation, even though he was being paid the maximum allowance, where the employer would not admit liability for a definite amount or for a definite period, or admit that the injury was within any particular class. Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341. This ruling was based on the ground that Section 18 permitted either party to file a suit in case of a dispute over, or failure to agree upon a claim for compensation. It was held that a failure to agree on the nature, extent and period of the disability constituted such a dispute as to justify the bringing of an action to have the disputed matter adjudicated.
“However, in the amendment of Section 18 by Act No. 85 of 1926 (after the above ruling was announced), two paragraphs were added to subsection 1 of the Section designated (B) and (C). In our opinion, these two paragraphs were added to the subsection in order to prevent the filing of a suit by an injured employee against his employer where the employer is paying full compensation, even though the employer would not admit the extent of the disability nor the period of time he would continue to pay this maximum compensation. Indeed, the plain wording of paragraph (B) of this amended subsection could mean nothing else. The added paragraph says that unless the injured employee or his dependent alleges in his complaint that he is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which he is entitled under the provisions of the act, the filing of his suit shall be premature and shall be dismissed.
* # * >K *
“The fact that the Legislature intended to prevent a compensation claimant from prosectUing a suit against his employer for compensation while the latter is paying full compensation is further indicated by the other added paragraph (C) to subsection 1 of Section 18, which gives the right to either party to take depositions de bene esse to preserve the testimony in case litigation should arise over the claim on account of the accident. This paragraph was evidently intended to serve as a kind of protection to the party who was prevented by the other added paragraph (B) from maintaining the suit so long as full compensation was being paid, and in case the employer should cease paying the compensation, the claimant *394 was given an opportunity to take and preserve his evidence against such an eventuality.” (Emphasis supplied.)
The Court of Appeal for the First Circuit, in further commenting upon the purpose of the aforesaid section of the statute, stated, in Fontenot v. Cox, 68 So.2d 656, 659:
“We agree with plaintiff that the provisions of the Workmen’s Compensation Law are construed liberally by the courts, but this provision of the statute was incorporated in Act 85 of 1926, requiring that this allegation had to be made by an employee filing a suit and unless it was made the complaint could not be presented or filed. It was for the purpose of preventing the filing of suits when an injured env-ployee was receiving compensation and until such petition was amended on February 17, 1953, the plaintiff’s complaint was insufficient to merit a trial or hearing, and on that date he was being paid all of the compensation due him.” (Emphasis supplied.)
The Court of Appeal for the Parish of Orleans, in Saia v. T. Smith & Sons, Inc., 100 So.2d 544, 546, made a similar comment as to the purpose of the aforesaid section of the statute, as incorporated in the statute by Act 85 of 1926. The court stated:
“Prior to 1926, when a workman as a result of an occupational injury claimed he was totally and permanently disabled and his employer refused to admit that fact, the injured workman was entitled to file suit and obtain a judicial determination of the dispute between the parties notwithstanding that the employer had paid regularly the maximum compensation benefits to which the workman is entitled. See Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341.”
After quoting the amendment to the statute under the aforesaid act, the court continued :
“The effect of the aforementioned amendment to the statute was to prevent the institution and presentation of a suit for workmen’s compensation benefits by an injured employee at a time when he was being paid weekly compensation benefits by his employer. The amendment was literally construed by the courts as meaning that unless the verified petition contained an allegation that the employee was not being or had not been paid and that the employer had refused to pay the maximum percentage of wages to which the employee was entitled under the statute, then in that event the petition was premature and subject to dismissal. See Lanoue v. Century Indemnity Co., La.App., 30 So.2d 207; Moss v. Levin, 10 La.App. 149, 119 So. 558, rehearing refused 10 La.App. 149, 120 So. 258.” (Emphasis supplied.)
Following the ruling in Lanoue v. Century Indemnity Co., supra, this court, in Graham v. Young, La.App., 43 So.2d 297, affirmed a decision sustaining a plea of prematurity where the employer and his insurer alleged and established by proof on the trial of the plea that they had paid and were continuing to pay compensation to plaintiff at the rate of 65 per cent of his wages, thus giving effect to the statute according to its obvious intent and purpose.
In the instant case, on trial of the aforesaid plea, it was established by the evidence, and in fact conceded by the defendants, that no compensation had been paid prior to the institution of this suit and that none was being paid at the time of trial; and further that the employers and insurer had no intention of making such payments because, in their opinion, no compensation was due or payable. Thus, by the facts of the instant case, the inapplicability of the section of the statute relied upon by the defendants to sustain their plea of prematurity has been clearly established. The defendants concede nonpayment of any compensation to which plaintiff *395 would be entitled if she succeeds in establishing her right thereto upon a trial of the merits of the case.
Even though defendants successfully controverted and disproved plaintiff’s allegations as to amicable demands for payment of compensation prior to the institution of this suit, which fact was readily admitted by plaintiff’s counsel, this fact is of no material importance. Neither a demand, formal or otherwise, nor a specific charge that the employer has refused to pay compensation or other benefits under the statute, nor proof thereof, is indispensable or essential in an action for workmen’s compensation in order to avoid the effect of or to result in a dismissal of the action under a plea of prematurity. In the D’Antoni v. Employers’ Liability Assurance Corporation, supra, it was held that the statute did not require a demand and that an allegation that the employee was not being paid compensation substantially complied with the statute, notwithstanding it was not specifically alleged that the employer had refused to pay. The Supreme Court, in the course of its opinion, stated:
“In the instant case, the Court of Appeal has taken a most narrow and technical view of Subsection 1(B) of Section 18 of the Employers’ Liability Act. The opinion reflects the belief of the Court that, in order for an employee to prevent dismissal of his suit on the ground of prematurity, he must show that he has made formal demand on his employer for compensation and that the latter has formally refused. But the statute does not require a demand, formal or otherwise, by the employee and there is nothing contained in our decision in Hall v. Hillyer-Edwards-Fuller, Inc. 187 La. 959, 175 So. 633 (cited and relied upon by the Court of Appeal), which justifies a contrary view. Albeit, the act merely prescribes that the employee allege that he is not being paid compensation and that the employer has refttsed to pay. And, in Thornton v. E. I. du Pont de Nemours & Co., supra, the court held that cm allegation that the employee was not being paid compensation substantially complied with the provisions of the section, even though it was not specifically charged that the employer had revised to pay.” (Emphasis supplied.) 34 So.2d 381.
See also, Hammett v. Cities Service Refining Corporation, 216 La. 245, 43 So.2d 596.
Where a petition recites, as does the present complaint, a statement of facts which, if true, entitles the claimant to compensation, and there is the further allegation that the claimant has not been paid compensation or is not being paid at the maximum rate to which he is entitled under the compensation statute, the truth of which is either admitted by the employer and/or his insurer, or is established on the trial of a plea of prematurity, the petition is not amenable to such a plea and the plea should be overruled.
We concede there is some apparent confusion in the jurisprudence as concerns the applicability of the aforesaid section of the statute (LSA-R.S. 23:1314). This confusion probably arises in an effort to apply the provisions of the section to situations other than where compensation has been paid or is being paid and where a dispute exists as to the maximum rate at which the claimant should be paid.
For the aforesaid reasons, the plea of prematurity was, in our opinion, incorrectly and improperly sustained, and from this it follows that the judgment appealed should be reversed.
Accordingly, the judgment appealed be and it is hereby annulled, avoided, reversed and set aside, the plea of prematurity is overruled, and this cause is hereby remanded to the Honorable, the Eleventh Judicial District Court in and for DeSoto Parish, Louisiana, for further proceedings according to law and consistent with the views herein expressed. The defendants- *396 appellees are assessed with the costs of the trial of and incidental to the plea of prematurity, as well as the cost of this appeal, all other costs to await final determination of the case.
Reversed and remanded.