SARTAIN, Judge
(dissenting).
I cannot concur with that portion of the majority’s decision which holds that the plaintiffs herein are entitled to bring this action under authority of the Declaratory Judgments Act. Under the particular facts of this case, the only issue is a factual one and that is whether or not the defendant has fully recovered from a previous injury, thus relieving plaintiffs of the responsibility of continuing weekly compensation payments. To my knowledge, this is the first case of this type to be presented to our courts. I believe the reason is clear.
A perusal of LSA-R.S. 23:1021 et seq. our workmen’s compensation provisions, convinces me that the employer is charged with the responsibility of providing weekly compensation payments and medical assistance to an injured employee and to continue such during the period of disability, or within the limits specifically defined. The employer is further charged with the decision as to when to discontinue the same. The employee is barred from bringing any action against the employer as long as maximum benefits are being received. This has been our law since 1926 and I submit with some merit. It was designed to provide the injured employee with immediate compensation and to minimize litigation. While the case at bar may appear innocent indeed, it in fact opens the door completely to a host of suits, well intended or not, which must be defended by an employee out of funds which were intended to provide food and shelter for himself and family.
The Uniform Declaratory Judgments Act of 1948 should not be construed so as to amend our workmen’s compensation statutes of many years standing. It is noted in the majority opinion that Section 18, Act No. 20 of 1914, was construed in Daniels v. Shreveport Producing and Refining Corp., 151 La. 800, 92 So.2d 341, to permit both the employee and employer to file a suit in case of a dispute over, or failure to agree upon a claim for compensation. This was the law until 1926, when by Act No. 85, the above referred to Section 18 was amended to preclude an injured employee from bringing suit while receiving maximum benefits. This is further support of our legislature’s intention to provide as far as possible for a minimum of litigation.
Our courts have consistently held that workmen’s compensation cases are in a class unto themselves, being neither an action on “contract” or in “tort” or on “insurance”. Brownfield v. Southern Amusement Co., Inc., La.App., 198 So. 670. I, therefore, do not believe that the workmen’s compensation statutes which are specific and exclusive in nature should be modified by the Declaratory Judgments Act, which is very general in its provisions. If an employer should now have the right to a judicial determination of an employee’s recovery and ability to return to work, it is a subject that should be addressed to the legislature.
For the above reasons I respectfully dissent.