REGAN, Judge.
Plaintiff, Landry J. Ducote, d/b/a Pan American Construction Company, filed this suit against the defendant, Louis J. Lanza, endeavoring to recover the unpaid balance due on two carpentry contracts. Defendant filed an answer in which he urged the affirmative defense of set-off. Both counsel received written notice that a trial on the merits was fixed for 10:00 a.m. on June 16, 1970 but defendant and his attorney failed to appear. Plaintiff presented his case unopposed and a judgment granting the relief sought was signed on June 23, 1970.
Defense counsel was not served with a copy of the judgment; however, it was served at Lanza’s home on June 26th and the return indicates his son accepted service. On June 29th, the defense counsel filed a motion for a new trial alleging the judgment was obtained by ill practice. The motion was denied because it was not filed timely.
Defendant has prosecuted this appeal, wherein he requests a nullification of the judgment and a remand in order to permit him to defend on the merits.
An affidavit executed by Charles F. Barbera is attached to the defendant’s brief to explain the failure of affiant and his client to appear on the date of the trial. When he received notice of trial, he advised his client of the date but failed to note it on his own calendar. At approximately 11:00 a.m. on the morning of June 16th, his client called to inquire if he should be in court. Barbera then telephoned the First Parish Court to check the status of his case. A court attache assigned to the court’s switchboard advised Barbera he would make the proper inquiry in the courtroom. When he returned to the telephone, he informed defense counsel the case had been continued since neither litigant had appeared.[1] Affiant further deposed he first learned of the adverse judgment on June 28th from his client. He applied for a new trial the next day.
This statement is corroborated in part by the deposition of Ronnie Erath, the court employee who conversed by telephone with Barbera as related hereinabove.
The only question which this appeal has posed for our consideration is whether the circumstances herein warrant our remanding this cause for a new trial. Under LSA-C.C.P. Articles 2082 and 2164,[2] the Courts of Appeal are vested with the authority to remand cases for a new trial to prevent a miscarriage of justice.[3]
In the instant case defense counsel failed to appear for trial because he relied on information he had obtained from a court employee. Judgment was signed on a Tuesday and was served at the domicile of his client on Friday of that same week. No copy of the judgment was served on counsel for defendant. When he was first apprised of the court’s action, the time *729 within which he could have applied for a new trial had elapsed.[4]
From the foregoing we conclude this cause should be remanded so that defendant might adduce evidence to prove, if he can, his reason for not appearing originally. Although we may consider Barbera’s affidavit as part of his request for a remand, as an appellate court we have no authority to pass on the verity of either document as they do not form part of the record of the court of original jurisdiction.[5] If defendant is successful in establishing these facts, the trial court should then fix the matter for trial on the merits.
The result we reach is not based on a finding of ill practices. Rather, we conclude an affirmation of the judgment would deprive the litigant of his opportunity to present substantial affirmative defenses by a combination of unfortunate errors of his attorney and of a court employee.
For the reasons assigned, the judgment appealed from is annulled and this matter is remanded for additional proceedings consistent with the views expressed herein. Defendant is to pay all costs of this appeal.
Judgment annulled, remanded.

. The record indicates that the plaintiff’s attorney was also not present in the courtroom when the case was first called.

. LSA-C.C.P. Art. 2082 provides: “Appeal is the exercise of the right of a party to have a judgment of a trial court revised, modified, set aside, or reversed by an appellate court.” LSA-C.C.P. Art. 2164 provides: “The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.”

.McKinney v. Levy, 212 So.2d 279 (La. App.1968) and cases cited therein.

. LSA-C.C.P. Article 5002 provides, inter alia, a motion for a new trial may be filed within three days, exclusive of legal holidays, of signing of the judgment.

. Graham v. Young, 43 So.2d 297 (La. App.1949).