BYRNES, Judge.
Brice Building Company, Inc. (Brice) and Southern Risk Service, Inc. (SRS) appeal the trial court’s judgment awarding Donald de Boisblanc $1,000.00. We reverse.
FACTS
On August 27,1985, Percy Williams was injured while within the course and scope of his employment with Brice. Shortly thereafter, Williams retained attorney de Boisblanc to handle his claim, de Bois-blanc notified Brice on August 30, 1985, that he was representing Williams and requested that Brice begin sending worker compensation payments directly to Williams’ home address.
On October 16, 1985, de Boisblanc acted as guarantor for a $1412.02 loan to Williams which was financed by General Pay Plan Loans, Inc. (General). On the same date, General issued a check to Williams for $1,100.00 payable jointly to Williams and Mercy Hospital. Later that day Williams was admitted to Mercy Hospital and the $1,100.00 check was used as a deposit to gain admittance.
On October 25, 1985, de Boisblanc sent a letter to SRS, Brice’s workers compensation claim adjuster. This letter requested that SRS pay an outstanding bill from Mercy Hospital for medical services rendered to Williams and reimburse de Boisblanc $1,100.00 for that portion of the loan which de Boisblanc had guaranteed and Williams had used as an deposit for admittance into Mercy Hospital. Subsequently Williams presented Brice with a receipt from Mercy Hospital which indicated that Williams had paid $1,100.00 by check as a deposit. A Brice employee then contacted SRS and requested that a check for $1,100.00 be issued in Williams’ name and sent to Brice for disbursement. After receipt of the check, Williams spent this amount leaving de Boisblanc as guarantor of the loan in the position of having to repay this amount to General.
de Boisblanc then brought suit against Williams, Brice and SRS alleging he was “subrogated to the right of Mercy Hospital to collect said $1,100.00 from defendants *1056 jointly, severally, and in solido under a theory of implied contract and/or tort”. Service of process was never obtained on Williams. On the date of trial, Brice and SRS filed an exception of no cause of action and/or no right of action which was overruled. The case proceeded to trial and the judge took the matter under advisement. On September 10, 1987, the trial court granted judgment in favor of de Bois-blanc and against Brice and SRS in the amount of $1,100.00. This appeal followed.
ASSIGNMENT OF ERROR
Appellants assert that the trial court erred in ruling in favor of de Boisblanc because there is no legal basis for holding them liable. We agree. To begin with, de Boisblanc is seeking reimbursement for a bill he never paid. He paid the loan not the bill. This is not a situation where de Bois-blanc paid for his client’s treatment. He merely guaranteed a loan, part of which was used to pay medical expenses. The fact that his client left him “holding the bag” by not repaying the loan does not give rise to a duty on the part of Brice or SRS to repay him. It was Williams who paid Mercy with the loan money, not de Boisblanc. It was also Williams not de Boisblanc who was able to prove this by a receipt from Mercy. As guarantor of the loan, de Boisblanc simply did not have the right to demand reimbursement. At the time he mailed the request for reimbursement to SRS, de Boisblanc was only conditionally liable to General. Moreover, he submitted no proof of his claim for reimbursement to SRS beyond his letter and indeed could not have done so at the time.
In his petition de Boisblanc alleges that he should recover from appellants under tort law. We disagree. For tort liability to exist in the present case, de Boisblanc had to prove that Brice and SRS owed him a duty, that they breached this duty, and that their breach caused him injury. Dixie Drive It Yourself Systems v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Williams v. City of New Orleans, 433 So.2d 1129 (La.App. 4th Cir. 1983).
Under the facts of the present case, de Boisblanc’s tort claim fails because he could not prove that either Brice or SRS breached any duty owed to him. In our opinion the letter which de Boisblanc sent to SRS requesting reimbursement could not, by itself, impose a duty on SRS to reimburse him. The letter contained no documentary proof that de Boisblanc was entitled to reimbursement and, in fact, such proof was unavailable. The party entitled to reimbursement was Williams who actually paid the hospital bill and who submitted the Mercy receipt for this payment to Brice. Under the facts of this case neither Brice or SRS owed a duty to repay de Boisblanc. This claim is without merit.
de Boisblanc’s petition also alleges liability under the theory of implied contract. We likewise dismiss this claim. The record does not support a claim for recovery under unjust enrichment, quantum merit or negotiorum gestio. See C.C. Arts. 2293-2299. While de Boisblanc urges that his claim “fits squarely within the principle of negotiorum gestio”, we conclude that his guarantee of a loan for client Williams, did not constitute the management of the affairs of Brice and SRS as contemplated by C.C. Art. 2295 but was more in the nature of a favor to his client. See Kirkpatrick v. Young, 456 So.2d 622 (La.1984).
de Boisblanc’s assertion of appellants’ liability under the theory of subrogation also lacks merit. To recover under legal or conventional subrogation Brice and SRS must have been obligated to pay Mercy for the medical treatment given to Williams. C.C. Arts. 1827, 1829. This obligation is not imposed on the employer by the Workers Compensation Act and the record does not indicate that Brice or SRS assumed financial responsibility for Williams’ treatment at Mercy Hospital. See: R.S. 23:1203; Lanoue v. Century Indemnity Co., 30 So.2d 207 (La.App. 1st Cir.1947), writ denied (La.1947).
For the above reasons, the trial court manifestly erred in concluding that Brice and SRS were liable to de Boisblanc for the $1,100.00 which he allegedly paid as guar *1057 antor on a $1412.02 loan to Williams. Judgment of the trial court is hereby reversed. Costs of this appeal are assessed to de Boisblanc.
REVERSED.
PLOTKIN, J., dissents with reasons.
ARMSTRONG, J., dissents for reasons assigned by Plotkin, J.