## Moore v. Louisville Hydro-Electric Company.

(Decided October 23, 1928.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Master and Servant.—Workmen's Compensation Board has exclusive original jurisdiction to hear and determine matters within purview of statute.

2. Action.—Court had no jurisdiction under Declaratory Judgment Act (Civil Code Practice, secs. 639a1 to 639a12) to declare employee's rights as to time for which he should be allowed compensation for hernia under Workmen's Compensation Law (Ky. Stats., secs. 4880-4987), and petition was properly dismissed.

ROBERT HUBBARD for appellant.

FRED FORCHT and ELI BERRY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The appellant was injured while working for the appellee, and on June 7, 1926, he filed his application for compensation before the Workmen's Compensation Board for hernia and other injuries. He claims that he was at all times willing to subject himself to an operation for hernia, but he did not have the funds to pay the expense of such an operation, and that the appellee would not cause the operation to be performed at its expense; that the board allowed him compensation for other injuries, but dismissed his claim for hernia; that he thereafter appealed to the Jefferson circuit court, where the award of the board was approved, but upon an appeal to this court, the judgment of the Jefferson circuit court was reversed on March 23, 1928 (223 Ky. 710, 4 S. W. (2d) 701); and that it was held by this court that he was entitled to compensation for hernia. He says there has arisen an actual controversy between him and the appellee since the reversal of the judgment of the Jefferson circuit court as to what period of time he is entitled to compensation for hernia. He contends that he is entitled to compensation from June 10, 1926, the date on which he was awarded compensation for other injuries, until he shall have been operated on and shall have fully recovered; whereas the appellee contends that he is only entitled to compensation for hernia from time he is operated on until he has recovered from the operation.

He filed a petition under the provisions of the Declaratory Judgment Act (section 639a-1 to 639a-12, Civil Code) in which the foregoing facts are alleged.

The purpose of his petition asking for a declaration of rights is to have this court determine the time for which he shall be allowed compensation for hernia. The appellee filed a special demurrer to the petition, which was sustained, with the result that this appeal has been prosecuted from the judgment of the lower court.

It has been often written that the Workmen's Compensation Law is in the nature of an arbitration, and was intended to provide a simple and speedy method whereby employees might be compensated for injuries received. The entire mechanics of the law shows that it was the legislative intent to vest exclusive, original jurisdiction to hear and determine matters within the purview of the act in the Workmen's Compensation Board. Provisions are made for a review of the finding of that board by the circuit court, and an appeal may be taken from the judgment of the circuit court to this court. If the employee may ascertain that he and the employer do not agree about the length of time for which he is entitled to compensation and then file a petition for a declaration of his rights, likewise the employer may ask for a declaration of rights and in that way substitute the circuit court and this court for the Workmen's Compensation Board in determining many questions, the determination of which is vested by the law in the Workmen's Compensation Board. We cannot approve thus invading the jurisdiction of that board. We do not deem the declaration or construction of the laws governing this matter as necessary or proper at this time under all of the circumstances. We must therefore decline to declare the rights of the parties. It is a matter about which the Workmen's Compensation Board is authorized to speak, and if it misconstrues the law, the appellant is not without remedy. The judgment of the lower court in sustaining the special demurrer for want of jurisdiction and dismissing the petition was proper.

Judgment affirmed.