## Travelers Ins. Co. et al. v. Carter et al.

January 16, 1951.

William J. Baxter, Judge.

D. L. Pendleton for appellants.

Redwine & Redwine for appellees.

CHIEF JUSTICE CAMMACK—Reversing.

The appellee, Frank I. Carter, filed this Declaratory Judgment action against the appellants, Travelers Insurance Company, Earl B. Whitfield, its state manager and chief officer in Kentucky, William Beck, a field agent, adjuster and attorney for the Company, and the appellee, David J. Huls, to obtain the production of a certain written statement. Mr. Huls filed an answer, consenting to the surrender of the paper sought, but the appellants demurred specially and generally to the petition. Upon the court's overruling of the demurrers, the appellants failed to plead further and judgment was rendered as prayed, from which this appeal is taken.

The petition alleges that Carter was an employee of the appellee, Huls, and suffered some injury, for which he claimed compensation; that the Travelers Insurance Company is Huls' insurance carrier; that, when Carter filed his claim with the Workmen's Compensation Board, he was informed that the Travelers Insurance Company was refusing to pay the claim, based on a written statement signed by Carter to the effect that his injury existed before the date of the accident; that William Beck, adjuster for the Travelers Insurance Company, prepared a statement, which Carter signed without question upon the assurance by Beck that he would be paid for his lost time and his doctor and hospital bills; that Carter did not know then, and does not know now, the contents of the written statement; that knowledge of its contents is necessary in order for him to prepare and fully present his claim to the Compensation Board; that the appellants have failed and refused to deliver the written statement or a copy of it to him; and that he (Carter) has no adequate remedy at law.

The summary of the petition shows that a claim has been filed and a proceeding instituted before the Workmen's Compensation Board. In Moore v. Louis-

ville Hydro-Electric Company, 226 Ky. 20, 10 S. W. 2d 466, it was held that, where a proceeding was pending before the Workmen's Compensation Board, the Court had no jurisdiction to determine in a Declaratory Judgment action matters going to the merits of the case before the Board. It is true that the Moore case did not mention procedural matters, but in the case of Jefferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S. W. 2d 601, 603, we held that: "* * * the act (Declaratory Judgment) was not designed, and is not suitable, for the determination of the procedural rules, or the declaration of the substantive rights involved in a pending suit. * * *" In the later case of Oldham County ex rel. Woolridge v. Arvin, 244 Ky. 551, 51 S. W. 2d 657, 659, we said: "* * * in no event will procedural questions be determined when they relate to and are designed to operate upon litigation or an action, or proceedings already pending in a court having jurisdiction, since such court possesses both jurisdiction and authority to determine such questions during the progress of the investigation." We are of the opinion that, under KRS 342.260, the Workmen's Compensation Board had jurisdiction to compel the production of the written statement, and that to pass on the question in this action would be an unwarranted interference with the jurisdiction of the Board.

For the reasons set out above, and for the further reason that the Court is of the opinion that Section 639a—2 of the Civil Code of Practice was not intended to permit the determination as to the right to possession of a paper but only rights arising out of the writing contained in an instrument or paper, we believe that the special demurrer should have been sustained.

Judgment reversed, with directions to set it aside, and for the entry of a judgment in conformity with this opinion.