LOUISVILLE & JEFFERSON COUNTY PLANNING & ZONING COMMISSION et al. v. STOKER et al.

Court of Appeals of Kentucky.

June 19, 1953.

444

James L. Taylor, Louisville, for appellants.

C. Maxwell Brown, Louisville, for appellees.

CULLEN, Commissioner.

Lillie May Stoker and F. E. Stoker made application to a zoning enforcement officer of the Louisville & Jefferson County Planning & Zoning Commission, under KRS 100.075, for a zoning permit for the erection of a service station, restaurant and tavern on a lot owned by the Stokers in an unincorporated area in Jefferson County. The officer denied the permit, and the Stokers thereupon brought this action against the zoning authorities, seeking a mandatory injunction requiring the issuance of the permit. The injunction was granted, and the zoning authorities have appealed.

Prior to 1943, the Stokers had operated a service station, restaurant and tavern on the lot in question. In 1943, pursuant to KRS 100.031 to 100.097, the area embracing the lot was zoned as a residential district, but under KRS 100.069 (as it then read) the Stokers were permitted to continue the nonconforming use of their buildings. In 1945 the buildings on the Stokers' lot were completely destroyed by a flood. At that time (as in 1943) KRS 100.069 read in part as follows:

"Except as otherwise provided herein, the use of a building or structure existing at the time of the adoption of

any zoning regulation or restriction, or at the time of any adjustment or revision thereof or amendment thereto, although such use does not conform to the provisions of such new regulations or restrictions, may be continued * * *. *If such nonconforming building or structure is removed, damaged, or destroyed to the extent of more than seventy-five percent of its reasonable value, * * * every future use of such premises shall be in conformity with the then existing zoning regulations * * *.*" (Our emphasis.)

The statute continued to read as above indicated until 1948, and the Stokers apparently recognized that by reason of the complete destruction of their buildings by the flood their right to continue the nonconforming use of the premises was terminated, because they made no effort to rebuild.

In 1948, the statute was amended by eliminating the clause with reference to seventy-five percent destruction, so that the statute now reads as follows:

"The use of a building or structure existing at the time of the adoption of any zoning regulation or restriction, or at the time of any adjustment or revision thereof or amendment thereto, although such use does not conform to the provisions of such new regulations or restrictions, may be continued, and a nonconforming use of a building or structure may be changed to another nonconforming use of the same or more restricted classification."

For several years after the 1948 amendment was enacted the Stokers took no action, but late in 1952, conceiving that the statute no longer qualified or restricted their right to continue the original nonconforming use of their property, they made the application for a permit to reconstruct their buildings.

The zoning authorities contend that the right of the Stokers to continue the nonconforming use of their property was terminated, under the terms of the statute then in force, when the buildings were washed away by the flood, and that the

right was not revived or restored by the 1948 amendment. Reliance is had on the rule that statutes will not be construed to be retroactive or retrospective unless expressly so declared or necessarily so implied, which rule is not only set forth in statutory form in KRS 446.080(3), but is firmly embedded in our case law, as evidenced by the many cases cited in 17A Ky. Digest, Statutes, ■■■■.

On the other hand, the Stokers maintain that they had a vested constitutional right, at the time of the enactment of the zoning ordinance in 1943, to continue the nonconforming use of their property; that they could not be deprived of this right by the involuntary destruction of their buildings; and that the seventy-five percent destruction clause of KRS 100.069, which was removed by the 1948 amendment, was unconstitutional. Therefore the Stokers argue that no question of retrospective construction is involved.

We consider it unnecessary to pass on the question of whether the seventy-five percent destruction clause of KRS 100.069 was unconstitutional, because we think at least three reasons exist for holding that the Stokers' rights are governed by the 1948 amendment.

■■■ First, the statute in question applies only in cities of the first class and in counties containing such a city. We take notice of the fact that Louisville is the only city of the first class, and Jefferson County is the only county containing such a city, and of course the legislature in adopting the 1948 amendment was fully aware of that fact. So when the amended statute was so worded as to refer to uses existing at the time of the adoption of a zoning ordinance in such a city and county, the legislature must have had in mind the ordinance theretofore adopted by Louisville and Jefferson County in 1943. It would be absurd to conclude that the legislature intended the statute to apply only in the event a complete new zoning ordinance should be adopted by Louisville and Jefferson County in the future.

Second, a serious question of unconstitutional discrimination might arise if the statute should be given prospective effect only. It would be extremely difficult to say that a mere difference in the dates of destruction of two buildings constituting nonconforming uses would furnish a reasonable basis for forbidding the reconstruction of one and allowing the reconstruction of the other.

Third, the seventy-five percent destruction clause of KRS 100.069 could be considered to have had the character of a mere qualification or limitation imposed by the legislature upon a right which in the absence of such legislation could have been exercised as a free property right. The removal of the qualification or limitation, by the 1948 amendment, then would not have the effect of legislating retrospectively on conditions arising in the past, but rather would have the effect merely of lifting a bar which the legislature had placed in the way of the free enjoyment of a property right. There would be, not a retrospective interference with property rights, but a current recognition of property rights.

The zoning authorities contend that the Stokers had no right to maintain this action for a mandatory injunction, because they had an adequate remedy at law through resort to the administrative procedure prescribed by the statute. KRS 100.079 and 100.085 provide for an appeal from the zoning enforcement officer to the board of zoning adjustment and appeals, and from that board to the circuit court. On the other hand, KRS 100.086 provides that nothing in the zoning statute shall be construed to deprive anyone "of any right, or to curtail or limit such right, which he or it may have, to proceed by injunction, mandamus, or other appropriate proceeding either in equity or law."

■ In Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W.2d 557, 559, where the same statutes and the same question were involved, this Court said:

"But direct judicial relief is held available without exhaustion of administrative remedies where the statute is charged to be void on its face, or where the complaint raises an issue of jurisdiction as a mere legal question, not

dependent upon disputed facts, so that an administrative denial of the relief sought would be clearly arbitrary. * * *"

In the case before us the only question involved was a pure question of law, namely, the construction and validity of KRS 100.069. There would have been no point in taking an appeal to the board of adjustment and appeals, because that board is not designed as a judicial body to pass on legal questions.

It seems to be the prevailing rule in other jurisdictions that where a zoning permit is denied on the basis of a statute or zoning ordinance, the validity of the statute or ordinance may be questioned in a direct proceeding for mandamus or mandatory injunction, without resorting to the procedure for administrative review. 136 A.L.R. 1388 et seq.

It is our opinion that the denial of the zoning permit in the case before us, on the ground that the statute prohibited the proposed reconstruction of buildings, constituted arbitrary action, entitling the property owners to seek direct judicial relief.

The judgment is affirmed.