LOTTINGER, Judge.
The petitioner filed this suit seeking a declaratory judgment against the defendants declaring that the defendants are liable, under the Workmen’s Compensation Law, LSA-R.S. 23:1 et seq., for total and permanent disability, together with medical expenses not to exceed $500. The' lower court maintained an exception of prematurity filed by defendants, and dismissed petitioner’s action.
The petition alleges that on July 22, 1952, while acting within the scope and course of his employment with defendant, Dudley J. Mouton, petitioner sustained injuries to his left eye, which resulted in the loss of sight therein, and the ultimate removal of said eye. Petitioner further alleged that he was a skilled painter, and that the loss of sight in his eye totally and permanently disables him from engaging in his trade as a painter. *620 In the alternative, petitioner claims that even if it should he found that he was able to return to his former occupation without disability, he could only perform his previous occupation with grave danger to himself, in that, the profession of painting is such that he is in daily contact with the various and sundry chemicals that are mixed with the paint and if the paint should fall into his remaining eye, he would become totally blind. He claims that the said injury renders the defendants jointly and severally liable to him for compensation at the rate of $30 per week for a period of 400 weeks. The petitioner admits that he is getting the sum of $30 per week from defendants, but claims that the defendants have indicated that the said payments will cease after 100 weeks; and that the defendants have only acknowledged liability for loss of an eye, and not for total and permanent disability.
The petitioner requested the court to render a Declaratory Judgment, under the provisions of LSA-R.S. 13:4231, declaring his rights for payments to be for total and permanent disability.
The defendants filed an- exception of prematurity, based upon the provisions of LSA-R.S. 23 :1314. The lower court maintained the said exception of prematurity, and dismissed petitioner’s action. The petitioner has appealed.
In its well reasoned opinion, the lower court stated:
“The plaintiff’s contention is a novel one and the court finds no case where a similar resort has been had to the Declaratory Judgments Acts. Except that it has been held: ‘A proceeding for a declaratory judgment will not be entertained where a •declaration is sought with respect to a matter as to which another statutory remedy has been provided. Taylor v. Haverford Twp., 1930, 299 Pa. 402, 149 A. 639.' Although there is an actual controversy between an employer and his employee as to the time for which he should be allowed ■compensation under the Workmen’s Compensation Law, the court will not take jurisdiction to determine the matter by a declaratory judgment. Moore v. Louisville Hydro-Electric Co., 1928, 226 Ky. 20, 10 S.W.2d 466 ; 68 A.L.R. 120.’
“ ‘Where jurisdiction is vested in a workmen’s compensation board to determine the amount of compensation to which an injured employee is entitled, he cannot invoke declaratory judgment act for a declaration as to his rights in this regard. Moore v. Louisville Hydro-Electric Co., 1928, 226 Ky. 20, 10 S.W.2d 466; 68 A.L.R. 120.’ And we find, too, that generally the courts have a wide discretion under Declaratory Judgments Acts and, although the determination of disputed questions of fact are provided for in the acts, courts often refuse a declaration which can only be made after a judicial investigation of disputed facts. 16 Am.Jur., Declaratory Judgments, § 20. And it has been said of the Declaratory Judgments Acts that: ‘Within the sphere of anticipatory and preventive justice its use should be extended, its scope kept wide and liberal, and its boundaries elastic. But it does not fit every occasion and it does not call for the scrapping of the balance of the system of remedies and actions’ Sheldon v. Powell [99 Fla. 782], 128 So. [258] 260, 262.”
That the Declaratory Judgments Act is a good, and needed, remedy under our system of laws is unquestioned. However, in the instant case, the petitioner is seeking to gain relief under the Declaratory Judgments Act which is expressly prohibited by the Workmen’s Compensation Act. The prohibition is contained1 in LSA-R.S. 23:1314, which provides:
“Unless in the verified petition above referred to it is alleged (where the petition is filed by the employee or his dependents) that the employee or the dependents is not being or has not been paid, and that the employer has refused to pay, the maximum percent of wages to which petitioner is entitled under the provisions of this Chapter, or that the employee has not been furnished with proper medical attention, or that the employee has not been furnished with copies of the reports of examination or examinations made by employer’s medical practi *621 tioners after written request therefor has been made under the provisions of this Chapter, the presentation or filing of such petition shall be premature and shall be dismissed * * (Italics ours.)
In the petition, it is admitted that the petitioner is being paid, by the defendants, the sum of $30 per week, which is the maximum allowed under our compensation law. The petitioner seeks relief under the Declaratory Judgments Acts, when that very same relief is expressly prohibited under the Workmen’s Compensation Law.
In support of the relief sought by petitioner, he cites Peoples Bank v. Eccles, D.C., 64 F.Supp. 811. This case was an action by Peoples Bank against Eccles, and others, as members of the Board of Governors of the Federal Reserve System, for a declaratory judgment that one, of the conditions attached to plaintiff’s admission to membership in the Federal Reserve System was void. The court held that a justiciable controversy was presented which could properly be adjudicated in the bank’s action for a declaratory judgment regarding the legality of the said condition. The cited case had nothing at all to do with workmen’s compensation, nor were the facts before the court of any remote similarity to the issues presently before us. In the cited case, the only remedy available to the plaintiff was by declaratory judgment, and there was no prohibition by the Legislature expressly declaring the relief sought to be premature
Petitioner also cites Sheldon v. Powell, 99 Fla. 782, 128 So. 258, 260, wherein relief was sought and obtained under the Declaratory Judgments Act. However, in that case, the claim arose out of the provisions of a last will and testament, and the facts presented are again dissimilar to the present issues. In that case, the court held that the petitioner had two reliefs available to him, and, in allowing relief under the Declaratory Judgments Act, stated:
“We think that appellees might have proceeded under section 3735, Revised General Statutes of 1920, to have the legacy brought in question released to them, but we do not think that remedy exclusive. Chapter 7857, Acts of 1919, authorized declaratory decrees, neither repeals, nor is it incompatible with section 3735, Revised General Statutes of 1920. As to the question involved here, it is merely cumulative, so appellees hád their option to pursue either remedy. 9 R.C.L. 957 and 964.” -
In the Sheldon case, the court held that two remedies available to petitioner, as neither repealed the other, nor were they incompatible. In the present case, the remedy sought is not only incompatible with the provisions of the compensation act, but is expressly prohibited by it.
Plaintiff also cites Caddo Contracting Company v. Johnson, 222 La. 796, 64 So.2d 177. The petitioner in that case was the employer and the controversy involved the question of who was the legitimate payees to receive the compensation that was due. That suit was brought under the Declaratory Judgments Act. Again the facts were entirely dissimilar to the ones presently before use, and the decision in that case certainly could not be precedent for a holding in the present case.
The purpose of the Uniform Declaratory Judgments Act, as stated in 1 C.J. S. § 18, verbo: Actions, sub-title: Purposes of Acts, page 1022, is as follows:
“The general or primary purpose of a declaratory judgments statute is to provide a remedy and speedy remedy, in cases of actual controversy, for determining issues and adjudicating the legal rights, duties, or status of the respective parties, before controversies with.regard thereto lead to the repudiation of obligations, the invasion of rights, and the commission of wrongs. In other words the purpose of such a statute is to supply deficiencies in legal procedure which existed before the enactment of the statute, to afford relief in cases that could not be tried under existing forms of procedure, and provide a method of procedure to have issues concerning rights speedily determined, which otherwise would be delayed, to the possible injury of, an added *622 expense to, those interested if they are compelled to wait the ordinary course of judicial proceeding.”
In the present case, a remedy is afforded the petitioner, provided that the provisions of LSAt-R.S. 23:1314 is complied with. Furthermore, if the remedy sought were not expressly forbidden by- the said Act, we believe that petitioner could have proceeded under the Declaratory Judgments Act even though an additional remedy were provided by the compensation act.
Prior to 1926, an employee could bring suit to determine' his future payments Under the compensation act even though he were, at the time of the suit, being paid full compensation. However, by Act No. 85 of 1926, LSA-R.S. 23:1314, the compensation act was amended to provide that the plea of prematurity would lie where the petitioner was being paid full compensation. In Lanoue v. Century Indemnity Co., La.App., 30 So.2d 207, at page 208, this court said:
“Before the amendment of Section 18 of Act No. 20 of 1914, the Employers’ Liability Act, by Act No. 85 of 1926, an employee could file a suit and obtain a judgment on his claim for compensation, even though he was being paid the maximum allowance, where the employer would not admit liability fór a definite amount, or for a definite period, or admit that the injury was within any particular class. Daniels v. Shreveport Producing & Refining Corporation, 151 La. 800, 92 So. 341. This ruling was based on the ground .that Section 18 [now R.S. 23:-1311] permitted either party to file a suit in case of a dispute over, or failure to agree upon a claim for compensation. It was held that a failure to agree on the nature, extent and period of the disability constituted such a dispute as to justify'the bringing of an action to have the disputed matter adjudicated.
“However, in the amendment of Section 18 by Act No. 85 of 1-926 (after the above ruling was announced), two paragraphs were added to subsection 1 of the Section designated (B) [now R.S. 23:1314] and (C) [now R.S. 23:1318]. In our opinion, these two paragraphs were added to the subsection in order to prevent the filing of a suit by an injured employee against his employer where the émployer is paying full compensation, even though the employer would not admit the extent of the disability nor the period of time he would continue to pay this maximum compensation. Indeed, the plain wording of paragraph (B) of this amended subsection could mean nothing else. The added paragraph says that unless the injured employee or his dependent alleges in his complaint that he is not being or has not been paid, and that the employer has refused to pay, the maximum per centum of wages to which he is entitled under the provisions of the act, the filing of his suit shall be premature and shall be dismissed.” (Italics added by this court)
Thus by the 1926 amendment, the Legislature expressly prohibited the prior rulings under the compensation law. The petitioner seeks to do, under the Declaratory Judgments Act, what is éxpressly prohibited under the compensation act. We do not believe that such is the purpose of the Declaratory Judgments'Act.
The Declaratory Judgments Act is remedial in scope and was enacted to provide recourse to the courts for those litigants who had no recourse prior to its passage. It was riot meant as a means whereby a litigant might circumvent an express prohibition of another statute. To allow such would be to open wide the doors of the courtroom to all matters which might be expressly contrary to the Legislative will.
The substance of petitioner’s action is that, although there is, a remedy afforded by law, it is not such as he desires, and he, therefore, seeks a decision under the Declaratory Judgments Acts. The'remedy afforded petitioner, under, the compensation act, is adequate. Furthermore, it expressly denies the type of remedy sought. The workmen’s compensation laws are specific, while the Declaratory Judgments Act is general, and we believe that the former must prevail. If no remedy were available to petitioner or if the remedy that he seeks were not prohibited by law, then this might *623 be a proper cause in which to invoke the Declaratory Judgments Act.
For the reasons assigned, the judgment of the lower court is affirmed.
Judgment affirmed.