**Hugh C. SPALDING et al., Appellants,**

v.

**Mrs. Charles WOOLEY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

As·Modified Feb. 7, 1958.

Ben Fowler, Dailey & Fowler, Frankfort, Jo M. Ferguson, Atty. Gen., Robert Matthews, Asst. Atty. Gen., for appellants.

Jesse K. Lewis, John C. Anggelis, Lexington, for appellees.

CULLEN, Commissioner.

On a former appeal in this case, Wooley v. Spalding, Ky., 293 S.W.2d 563, a mandate was issued directing the Franklin Circuit Court to enter a judgment granting a mandatory injunction requiring the board of education and the county superintendent of schools of Marion County to re-establish, as soon as practicable, a high school system that will afford all children of the county equal educational opportunities. After some further proceedings in the circuit court, judgment was entered requiring the board of education to establish a single, new, centrally located high school to accommodate all of the high school pupils of the county school district, and to have the school ready for operation by September 1, 1959. The board of education and the superintendent have appealed, maintaining that the judgment constitutes a wrongful interference with the discretion of the board in the operation of the school system, and that an alternative plan proposed by the State Board of Education should have been approved. The plaintiff citizens and taxpayers have cross-appealed, contending that the judgment should have ordered re-establishment of the Bradfordsville High School pending construction of the new central high school.

As pointed out in the former opinion, this litigation arose out of the discontinuance of the Bradfordsville High School, in the southeastern part of the county. For several years, the children in the northeastern part of the county had been attending the city high school in Lebanon, with their tuition being paid by the county school district. After the closing of the Bradfordsville High School, provision was made for the students from that area to attend the city school at Lebanon on the same basis. Children in the western part of the county continued to be accommodated at the two county high schools at St. Charles and St. Francis.

In our opinion on the former appeal, 293 S.W.2d 563, at page 567, we said:

"* * * We direct the circuit court to issue an injunction requiring the County Board of Education and the Superintendent of County Schools, as soon as practicable, to establish a high school system that will afford all children in the county equal educational opportunities. So long as the board of education chooses to continue a system of regional or area high schools, compliance with the injunction will require re-establishment of a four-year high school in the eastern section of the county. However, the board will have the alternative of compliance by establishing a system based on a centrally located county high school. The circuit court may consider all problems that may arise in effectuating good faith compliance with the court's order. During this period of transition, the circuit court will retain jurisdiction of the case."

Upon receiving the mandate on the former appeal, the circuit court directed the State Department of Education and the Marion County Board of Education to submit a plan that would give effect to the mandate.

The State Department of Education made a survey of the situation and submitted a report with recommendations in substance as follows:

1. The high school students of the county "can best be served ultimately in a centrally located high school in or near the City of Lebanon." However, the school district could finance a bond issue of only $400,000, and "it is the opinion of the Department of Education that an adequate central high school could not be constructed for this amount."

2. To construct a new regional high school in the eastern part of the county would be impracticable because (1) it would exhaust the financial resources of the district; (2) it would duplicate facilities at the Lebanon city school and would eventually destroy the city school; and (3) it would render impossible the accomplishment in the foreseeable future of the ultimate goal of a single, central high school.

3. The re-establishment of the old school at Bradfordsville would not achieve the purpose of providing equal educational opportunities for the children of the eastern part of the county.

4. The most satisfactory solution of the problem would be for the county district to enter into an agreement with the city school board of Lebanon for joint operation of the city high school, as a school for the children of the eastern part of the county. Also, the high school at St. Francis should be discontinued, and the one at St. Charles should serve as the school for the western part of the county.

The county school board and the city school board agreed to the proposal for joint operation of the city school at Lebanon, and the county school board indicated its willingness to discontinue the school at St. Francis. This plan was submitted to the circuit court, but the court found that it did not comply with the decision and mandate on the former appeal of this case.

■ We agree with the conclusion of the circuit court that the proposed plan does not comply with our former decision and mandate. The proposal is just one slight degree removed from the tuition agreement which we held on the former appeal did not produce substantial equality of educational opportunities. It does not tend towards elimination of sectarianism. It would leave the door open for constant dispute over equality and fairness in the expenditure of the school funds.

■ Our former opinion gave the county board of education a choice between two alternatives. The board did not choose either one. Accordingly, we think it was within the power of the circuit court to make the choice for the board, as the court did in directing the establishment of a single, centrally located high school.

■ The only material objection voiced to the centrally located high school is that the school district is financially unable at the present time to construct such a school. As a basis for this objection we have only the *opinion* of the State Board of Education, based upon a brief survey of the county school system. It well may be that a suitable building to accommodate all of the high school students could be constructed for $400,000. Perhaps a purchaser could be found for the St. Charles school building, which would provide additional funds. A survey of families might show that a number of children would elect to attend a private or parochial school rather than the central, public high school, which would reduce the accommodation re-

quirements of the building. It is conceivable that the city school district would agree to a consolidation with the county district, which would provide additional financial resources and could result in utilization of some existing facilities in the city. Such a consolidation would be considered a compliance with the judgment.

The county board of education can proceed immediately with the planning for a central high school. If, after exerting all reasonable efforts and exploring all reasonable prospects it appears convincingly that the construction of a central high school is financially impossible, or that the prescribed time limit for construction cannot be met, the circuit court can modify the judgment as seems necessary.

The judgment makes no provision for operation of the high school system, pending construction of the new central high school, other than to direct that no permanent improvements or additions be made to the schools at St. Charles and St. Francis. The appellees, on cross-appeal, urge that the Bradfordsville school should be reopened during the interim period. We are convinced, however, that better educational opportunities are being furnished at the Lebanon city school than could be at Bradfordsville. Also, reopening the Bradfordsville school would merely fan the dying flames of controversy.

We believe that during the interim period pending construction of the new school the children of the eastern part of the county will best be served by adoption of the joint operating agreement for the Lebanon city school, as proposed by the State Board of Education, or if for practical reasons that cannot be done during the balance of the present school year and for the following school year, then by continuing the present tuition agreement.

■ During the interim period excepting the remainder of the present school year, the county board of education will be enjoined from furnishing free transportation to, or paying tuition of, any high school student for attendance at any school other than the one most accessible to his place of residence.

On the cross-appeal the judgment is affirmed. On the direct appeal the judgment, construed to embody the modifications set forth in this opinion, is affirmed.