Walter HOGAN et al., Appellants,

v.

A. C. GLASSCOCK et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1959.

**816**

John C. Anggelis, Jesse K. Lewis, Lexington, for appellants.

Robert Spragens, Lebanon, Dailey & Fowler, Frankfort, for appellees.

SANDIDGE, Judge.

Appellants are taxpayers of Marion County. Appellees are the Superintendent, Treasurer, members of the Marion County Board of Education, and the sureties on such individuals' official bond. Appellants sought to recover judgment against appellees for school funds expended for attorneys' fees and court costs in defending two cases against them, i. e., Rawlings v. Butler, Ky., 290 S.W.2d 801, 60 A.L.R.2d 285, and Wooley v. Spalding, Ky., 293 S.W.2d 563, Spalding v. Wooley, Ky., 309 S.W.2d 42.

Motions for summary judgments were filed by both appellants and appellees. After considering such motions and the affidavits filed, the lower court sustained the motion of appellees, and entered a judgment dismissing appellants' complaint. This appeal followed.

Appellants contend appellees had no authority to make such expenditures from school funds because a county board of education is a state agency and its members, superintendent and treasurer are state officers, and the attorneys involved were not employed in conformity with KRS 12.210. They contend that KRS 12.210 provides for the only method by which appellees might employ attorneys. They further contend that under KRS 15.020 it was the exclusive and mandatory duty of the Attorney General to represent appellees in the previous litigation.

Chapter 12 of the Statutes deals with the administrative organization of the state government. The departments and agencies governed by Chapter 12 are specified in KRS 12.020. They are integral parts of the executive branch of the state government created by the Constitution or statute to exercise executive and administrative functions on a state-at-large level. It is provided in KRS 12.210 for the manner in which such departments and agencies may, with the approval of the Governor, employ special attorneys to represent them and for their compensation being paid out of appropriations made to such departments or agencies. Chapter 12 makes no reference to county boards of education or their officers or members and its provisions were never intended to apply to boards, agencies, and officers created to function on a county level.

We have said that the members of a county board of education and its officers are "state officers," although they are elected locally and function in a local capacity, because education is a state function. However, the designation is of little significance in the present instance, since the restrictions in Chapter 12 upon which appellants rely apply exclusively to expressly specified state level administrative agencies and officers. County boards of education, their members and officers are not included.

The language in KRS 15.020 is quite broad, but is hardly subject to the interpretation for which appellants contend. In any event, it does not specifically require the Attorney General to represent county boards of education, nor does it expressly exclude the latter from employing other counsel.

■ Although there is no specific statutory authority for school boards to employ an attorney, they have the implied power to do so when such employment is necessary for their protection and the accomplishment of the purposes for which they are created. The Legislature has authorized local boards of education to control and manage the affairs of the school district. The terms of KRS 160.160 provide that each school district shall be under the management and control of a board of education consisting of five members, to be known as the "Board of Education of ———, Kentucky"; that each board shall be a body corporate with perpetual succession; that it may sue and be sued; make contracts; purchase, receive, hold and sell property; issue bonds for the construction of improvements, and "do all things necessary to accomplish the purposes for which it is created."

In Lewis v. Morgan, Ky., 252 S.W.2d 691, we upheld the right of a county board of education to employ an accountant to make a complete audit of the school records. We pointed out that although there is no specific statutory authorization for employing an accountant, the school board, like a municipality or other governmental agency created by the Legislature, possesses not only the powers specifically conferred but also such implied powers as are reasonably inferred from the express powers and the objects to be attained by its creation. We further pointed out that KRS 160.290 expressly provides that school boards shall manage and control the property, funds and affairs of the school district, and that KRS 160.160 confers upon the board the general power to "do all things necessary to accomplish the purposes for which it is created."

We might now add that KRS 160.290 further expressly authorizes a county board of education to use its funds "to promote public education in such ways as it deems necessary and proper." The above mentioned Rawlings and Wooley cases involved an attack on the appellees' method of promoting public education. That being the case, appellees clearly had the implied power to make such expenditures.

We have also held that among the powers of a board of education not expressly conferred, but existing by implication, are those of employing a full-time health nurse, Board of Education of Bowling Green v. Simmons, 245 Ky. 493, 53 S.W.2d 940; and employing an auditor to audit the books of county officers to ascertain whether the sheriff and county clerk have paid to the board all school taxes collected, Bell County Board of Education v. Lee, 239 Ky. 317, 39 S.W.2d 492.

The Rawlings and the Wooley cases were defended by appellees for the protection of the corporate action and decisions of the Marion County Board of Education. In neither case was there any attempt to charge appellees with individual financial responsibility, malfeasance in office, or to question their right to office. The defense of those cases was clearly "necessary to accomplish the purposes" for which the board was created and the appellees were fully authorized by implication to make the expenditures sought to be recovered.

The expenditures did not violate § 186 of the Constitution. The board was impliedly authorized by the Legislature to make them in connection with the promotion of public education, and the latter is a public school purpose.

The judgment is affirmed.