385 P.2d 359

**AMERICAN LINEN SUPPLY OF NEW MEXICO, INC., Plaintiff-Appellant,**

v.

**CITY OF LAS CRUCES, Defendant-Appellee.**

No. 7266.

Supreme Court of New Mexico.

Sept. 23, 1963.

J. B. Newell, Las Cruces, for appellant.

John M. Lenko, Las Cruces, for appellee.

MOISE, Justice.

This appeal presents a question of the proper application of our declaratory judgment act (§ 22–6–1, N.M.S.A.1953).

Plaintiff-appellant alleged in its complaint that it uses natural gas in its business

and that since August, 1959 its bills have been excessive. Although not alleged, we gather that defendant-appellee is the supplier of gas to plaintiff inasmuch as it is asserted that defendant threatened to cut off the gas supply to plaintiff unless the bills for gas were paid as rendered. The complaint further states that the only method for accurately determining the amount of gas being delivered and used is a test known as an "orifice" test; that plaintiff has asked defendant to have such a test made by a competent authority with the understanding that if the test demonstrates that the amount of gas for which plaintiff has been charged by defendant could not be delivered through the meter being used, the cost of the test should be borne by defendant. Although willing that the test should be made, provided defendant is permitted to have a representative present, defendant refuses to stand any of the expense of such a test. It is alleged that a justiciable controversy is thereby presented and the court is asked to order a test with the costs taxed in favor of the prevailing party and, further, if plaintiff's contention of excessive charges be sustained, it have an accounting for the entire period in dispute to be followed by an order to refund all overcharges and costs.

Defendant moved that the complaint be dismissed as not stating a claim upon which relief could be granted, and after hearing, an order was entered sustaining the motion and dismissing the action. From this order plaintiff has appealed.

It is clear from the complaint that an actual controversy exists between the parties as to whether the charges for gas being made by defendant are proper, and although plaintiff seeks as its ultimate goal a determination of this question, the immediate relief sought is an order directing an orifice test and assessment of costs against defendants if the test demonstrates that plaintiff has been over-charged.

We entertain no doubts that plaintiff would be entitled to a declaration concerning any amounts claimed by it as overcharges. This would be an actual controversy which the statute gives the court jurisdiction to determine. Taos County Board of Education v. Sedillo, 44 N.M. 300, 101 P.2d 1027. However, this is not what is being sought. Plaintiff is here asking the court to direct a certain type of test so that plaintiff can establish its claimed overcharges and, in addition, that the cost thereof be assessed against defendant.

Borchard in his work on Declaratory Judgments (2d Ed.) at page 15, has the following to say concerning the requisites for judicial protection:

"In all modern systems, there are certain conditions and prerequisites for successfully invoking the court's protection in order officially to confirm and certify private rights, disputed or

endangered. These conditions and prerequisites are partly procedural, partly substantive in character. Among the former are (a) the jurisdiction of the court over the parties and subject-matter, (b) the capacity of the parties to sue and be sued, and (c) the employment of the proper forms for instituting and conducting the action. The lack of any of these requisites disables the court from even considering the case. Among the latter are (a) the soundness and validity of the complaint or cause of action under the rules of substantive law, to which the court will presumably give effect; (b) the subject-matter of the complaint must be capable of legal protection, e. g., it would exclude passing upon a wager or an intellectual difference of opinion not affecting rights of person or property; and (c) the party seeking legal protection (plaintiff or defendant) must have a sufficient legal interest to invoke the judicial process in his behalf. Of these last three, all of which are essential to every action, the first is factual, the second and third legal in character. The right of action thus arises out of operative facts to which the law attaches legal consequences. With the exception of the legal interest of the plaintiff, which is required throughout the proceeding, these pre-requisites must be established before the action is instituted. * * *"

We know of no proceeding recognized in law whereby a court would order a test such as the one here sought, with costs to be assessed to defendants if the meter is found defective. (No claim is advanced that any such right is found within the provisions of § 21–1–1(34), N.M. S.A.1953, and accordingly we do not consider that possibility.) Under the language quoted above, it should be apparent that unless a valid cause of action is stated under the rules of substantive law, there can be no recourse to declaratory judgment procedure to reach the desired end. No new substantive rights were created by the declaratory judgment act. Fash v. Clayton (D.C.N.M.1948), 78 F.Supp. 359.

We do not perceive that declaratory judgment is the proper means nor was it intended to provide a manner of developing proof otherwise not available. It is not a substitute for our discovery procedures. § 21–1–1 (26–37, inc.) N.M.S.A.1953. Rather, it is designed for the determination of issues in recognized causes of action between parties in the light of evidence that each may present without any coercive decree being sought, at least in the first instance. Savage v. Howell, 45 N.M. 527, 118 P.2d 1113.

As we construe the complaint, it merely seeks the aid of the court to obtain

· evidence which plaintiff considers necessary to establish an asserted claim or cause of action, and further, that the costs thereof be charged to defendants if plaintiff's position is found to be correct. This, even though the defendant has agreed to the test if no obligation to pay therefor is placed upon it. The trial court was correct in sustaining the motion to dismiss since the complaint stated no cause of action cognizable under § 22–6–1, N.M.S.A.1953. Compare Travelers Ins. Co. v. Carter, 314 Ky. 392, 235 S.W.2d 1003; Stark v. Rodriquez, 229 Minn. 1, 37 N.W.2d 812.

The order appealed from is affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.