David H. PRITCHETT, Commissioner of
Finance of Commonwealth of Ken-
tucky, et al., Appellants,

v.

Thomas F. MARSHALL et al., Appellees.

Court of Appeals of Kentucky.

Sept. 27, 1963.

Rehearing Denied Feb. 28, 1964.

254

John B. Breckinridge, Atty. Gen., Martin Glazer, Ronald M. Sullivan, Asst. Attys. Gen., for appellants.

Thomas F. Marshall, Joseph J. Leary, Frankfort, for appellees.

PALMORE, Judge.

The appellee Clark, Commissioner of the Department of Fish and Wildlife Resources (KRS 150.061), discharged two employes, who thereupon appealed to the Personnel Board (KRS 18.270) demanding reinstatement. The Attorney General, conceiving it his duty to act as counsel for the Personnel Board in this connection, declined a request that he represent the Commissioner. The Department of Fish and Wildlife Resources Commission (KRS 150.-023) then authorized the Commissioner to, and he did, contract for the services of private counsel, the appellees Marshall and Leary. When these attorneys appeared before the Personnel Board at a pre-hearing conference and presented motions to dismiss the appeals and quash certain subpoenas, their right to represent the Commissioner and his department was questioned. No action was taken on the motions. Meanwhile a dissenting member of

the Commission had notified the attorneys in writing that their contract of employment was unauthorized and that the fee therein provided could not be paid with funds of the department.

This is a declaratory judgment action (KRS 418.040) brought by Marshall and Leary, the Commissioner, and all but the dissenting member of the Commission against the dissenting member, the Commissioner of Finance, the State Treasurer, and the members of the Personnel Board to determine the rights of the affected parties with respect to (1) the employment and payment of the attorneys out of public funds and (2) the scope of the hearing to be held by the Personnel Board. The trial court adjudged that the Commissioner, with the approval of the Commission, had the right to employ counsel of his and their own choosing at public expense, ordered the Personnel Board to proceed with the hearing, and directed that such hearing be confined exclusively to "the questions of fact raised and framed by the statements of appeal" of the discharged employes "as joined in issue by the response of the Department of Fish and Wildlife Resources Commission." The Personnel Board and chief fiscal officers of the state appeal this judgment.

During the course of the litigation in the circuit court the right of the Commission and Commissioner to be represented by Marshall and Leary without expense to the state was conceded by stipulation. The questions now before us are (1) whether the counsel fee is payable out of public funds and (2) whether it was proper for the circuit court to regulate the scope of the hearing to be held by the Personnel Board. Our conclusion is that in both of these respects the judgment was erroneous.

KRS Chapter 12 relates to the administrative organization of the state government. KRS 12.210 authorizes a "department" to employ counsel at public expense

only upon approval of the Governor, which was not sought or obtained in this case. KRS 12.200, enacted in 1948 as part of the same legislation as KRS 12.210,[1] defines "department" as including "each and every executive or administrative department, agency, division and independent agency as said terms are defined and set forth in KRS Chapter 12 * * * and shall include any administrative department, agency, division and independent agency heretofore or hereafter designated as such by the General Assembly." KRS 150.021(1), also enacted in 1948, specifies that the Department of Fish and Wildlife Resources is "a statutory administrative department of the state government within the meaning of KRS Ch. 12."

Appellees virtually concede that prior to the passage and enactment into law of Chapter 106, Acts of 1962,[2] KRS 12.210 was applicable to the Department of Fish and Wildlife Resources and its Commission. They contend, however, that the 1962 Act removed the department from the purview of KRS Chapter 12.

The 1962 Act, originating as Senate Bill 153, effected several revisions in KRS Chapter 12, chief among which was a new section conferring upon the Governor the power of reorganizing the administrative structure of the state government. KRS 12.025. During the course of its consideration in the General Assembly the bill was amended by addition of the following article (KRS 150.018):

> "Notwithstanding the provisions of KRS 12.025, the Department of Fish and Wildlife Resources is not subject to inclusion within an agency formed by executive action of the Governor."

The 1962 Act also amended KRS 12.020, in which the various administrative bodies are enumerated. Since 1956 the Department of Fish and Wildlife Resources had been specifically listed in KRS 12.020, but it

---

1. Chapter 122, Acts of 1948.

2. Which we shall hereinafter call the 1962 Act.

was not so designated in the 1962 enumeration.

Appellee takes the position that the enactment of KRS 150.018 and omission of the Department from the specific enumeration set forth in KRS 12.020 evince a legislative intent to remove the Department wholly from the purview of KRS Chapter 12 and, particularly, from the definition of "department" in KRS 12.200. As we see it, however, there are at least three significant circumstances that refute such a theory:

(1) KRS 12.200 provides that for purposes of KRS 12.210 "department" includes any administrative department as the term is defined and set forth in KRS Chapter 12. Assuming arguendo that nothing is added by the further language, "and shall include any administrative department, agency, division and independent agency heretofore or hereafter designated as such by the General Assembly," the definition of "department" in KRS 12.200 depends on how it is elsewhere "defined and set forth in KRS Chapter 12." How, then, is it elsewhere defined and set forth in that chapter? In this respect we find a striking difference before and after 1962. Before 1962 KRS 12.010 defined "department" to mean "any executive or administrative agency of the state *named in KRS 12.020* as an administrative department," etc. (Emphasis ours.) At that time, as heretofore noted, the Department was in fact so named in KRS 12.020. But the 1962 Act changed the definition of "department" in KRS 12.010 to mean "that basic unit of administrative organization of state government, by whatever name called, designated *by statute* or by appropriate executive action as a 'department.'" (Emphasis ours.) Thus, if it be assumed that prior to 1962 the definition in KRS 12.200 was confined by KRS 12.010 to the specific enumeration in KRS 12.020, the 1962 amendment of KRS 12.010 de-

stroyed the sole avenue by which that conclusion could have been reached.[3]

(2) By the 1962 amendment of KRS 12.020 the following new provision was added: "It is not intended that this enumeration of administrative bodies be all-inclusive." The natural assumption is that this rather cryptic sentence means what it says.

(3) KRS 150.021(1), in which it is categorically provided that the Department is a statutory department within the meaning of KRS Chapter 12, has been left intact. Of course, the legislature *may* have overlooked it by inadvertence, and if it were actually inconsistent with newly added KRS 150.018 we should have no hesitation in finding a repeal by implication. The fact is, however, that the two provisions are not inconsistent. Exclusion of the Department from the reorganizational powers of the Governor merely leaves it the same independence it had before the Governor was given those powers. We see no reason to believe that in protecting the Department from any possible incursion by the chief executive the legislature intended also to remove it from the provisions of KRS Chapter 12 that had theretofore applied to it.

In summary, it is our opinion that the legislative intent of the 1962 Act, as applied to the Department of Fish and Wildlife Resources, was simply to preserve its status quo, and no more. That purpose was adequately and quite succinctly expressed in KRS 150.018. KRS 12.210 remains applicable.

Miller v. O'Connell, 304 Ky. 720, 202 S.W.2d 406, does not apply because, among other reasons, under a similar statute [4] the Governor refused to approve the employment of counsel, whereas in this case his approval was never sought.

3. By the same token, the court's remark in Hogan v. Glasscock, Ky., 324 S.W.2d 815, 75 A.L.R.2d 1335 (1959), to the effect that KRS 12.210 applied exclusively to "expressly specified" agencies would not follow under the 1962 amendments.

4. KRS 12.160 (1942 ed.).

■ Though it is not made a point of discussion in the briefs, throughout the course of this litigation appellees appear to have been meticulously careful in referring to the Commission and the Commissioner, as such, rather than the Department of Fish and Wildlife Resources. Should there be any question as to whether the Commission and Commissioner occupy a status separate or different from that of the Department itself with respect to KRS 12.210 or KRS 18.270, it is our opinion that the Commissioner and the members of the Commission are the chief officers of the Department, and that whatever official actions they are authorized to and do take become the acts of the Department.

We come now to the problem of what, if any, right lay in the circuit court to regulate or limit the proceeding of the Personnel Board.

■■ As heretofore indicated, the appeals of the discharged employes to the Personnel Board seek reinstatement. Yet they do not allege that they were discharged "for any political, religious, or ethnic reason," which would appear to be the only ground on which KRS 18.270 authorizes reinstatement. In all other cases that statute provides only that the Board may submit findings and recommendations and, at most, place their names on an appropriate re-employment list. To the latter the appellees have no objection. They are apprehensive, however, lest the hearing become a fishing expedition in which a broad and unfettered search will be made in the hope of finding hitherto undiscovered evidence of political motivation, or other evidence the purpose of which would not be properly relevant. Some of the subpoenas issued at the request of the discharged employes, and which appellees sought to quash, may justify that apprehension. Certainly we agree with the trial court that this ought not to be permitted, but neither can it reasonably be presupposed that the Board will permit it. In all fairness, we are unable to avoid the conclusion that at this stage the conduct of the proceeding is entirely within the competence of the Board and beyond legitimate intervention by the courts.

■ A declaratory judgment proceeding will not be entertained "for the determination of the procedural rules, or the declaration of the substantive rights involved in a pending suit. Such decisions and declarations must be made in the first instance by the court whose power is invoked and which is competent to decide them." Jefferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S.W.2d 601, 603 (1930). This principle has been applied, and the action dismissed on jurisdictional grounds, where the question was within the jurisdiction of an administrative agency. Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S.W.2d 466 (1926); Travelers Ins. Co. v. Carter, 314 Ky. 392, 235 S.W.2d 1003 (1951).

■ There are, of course, exceptions to the rule that courts will not intrude in administrative proceedings. Cf. Goodwin v. City of Louisville, 309 Ky. 11, 215 S.W. 2d 557 (1948); Louisville & Jefferson County Planning & Zoning Comm. v. Stoker, Ky., 259 S.W.2d 443 (1953). For example, a claim that constitutional rights are being violated is always justiciable, even though the statute establishing the administrative procedure does not provide for judicial review. Commonwealth ex rel. Meredith v. Frost, 295 Ky. 137, 172 S.W.2d 905, 909 (1943); Kendall v. Beiling, 295 Ky. 782, 175 S.W.2d 489, 491 (1943); Hatch v. Fiscal Court of Fayette County, Ky., 242 S.W.2d 1018, 1021 (1951). The same inherent authority that legitimates a review where none is allowed by statute would equally justify earlier intervention if the threatened invasion were sufficiently probable and the circumstances such that a review could not provide adequate relief. In this case, despite a certain absurdity in the spectacle of one statutory agency of

the state suing another,[5] it may be assumed that the legislature, though it saw fit to provide in KRS 18.270 that the actions of the Board "shall be final and not subject to judicial review," did not intend to confer arbitrary power on the Board and thus waive and deny to its own agencies and departments a right guaranteed to others by § 2 of the Constitution; and if this theory is correct, the standing of an administrative department to bring a suit such as this, and the right of a court to hear it, would be indispensable to the preservation of that right. Whereas, therefore, the attempts at judicial intervention in Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S.W.2d 466 (1926), and Travelers Ins. Co. v. Carter, 314 Ky. 392, 235 S.W.2d 1003 (1951), were rejected for lack of jurisdiction, in this instance the defect is not jurisdictional.

Appellees contend that the Department has a right to due process, which will be denied if its officers "are required in an administrative hearing before the Personnel Board to meet and rebut unknown, undisclosed, secret evidence unrelated, irrelevant and immaterial to the issues presented by the pleadings." Conceding (without deciding) all this to be correct, the record does not show a reasonable probability that the Personnel Board is going to let it happen or, if it does, that a judicial review pursuant to the inherent power of the courts to provide relief from constitutional infringements would be inadequate.

The issuance of subpoenas does not oblige the Board to hear or consider the evidence made available by their execution. That the prayer of the discharged employes for reinstatement is not supported by their allegations should not prevent a full inquiry into the circumstances of and motivation for their dismissals, because such an inquiry is necessary in order for the Board to determine whether it will grant the lesser relief provided by KRS

18.270. And if within the ambit of this inquiry evidence is adduced which justifies an amendment of the pleadings, it would be no more unfair or unconstitutional for the Board to permit it than it is for a court of law to do it under CR 15.

The Personnel Board is enjoined against arbitrariness by § 2 of the Constitution, a concept we consider broad enough to embrace both due process and equal protection of the laws, both fundamental fairness and impartiality. The Board will have the advice and guidance of counsel whose duty in this respect and under these circumstances will be no less than its own. There is no basis for presupposing that these obligations will be violated.

The cause is reversed with directions that a judgment be entered in conformity with this opinion.

---

5. It is not contended that KRS 12.100 furnishes an applicable method for resolution of the internal dispute, and we do not pass on that question.