**Randy HICKS, Appellant**

v.

**KENTUCKY UNEMPLOYMENT INSURANCE COMMISSION and CBS Personnel Services, LLC, Appellees.**

**No. 2012–CA–000113–MR.**

Court of Appeals of Kentucky.

Jan. 4, 2013.

Mark G. Hall, Louisville, KY, for appellant.

Clay J. Lamb, Frankfort, KY, for appellee Kentucky Unemployment Insurance Commission.

Jeremy S. Rogers, Louisville, KY, for appellee CBS Personnel Services, LLC.

Before MAZE, STUMBO and THOMPSON, Judges.

## OPINION

STUMBO, Judge:

Randy Hicks appeals from an opinion and order of the Jefferson Circuit Court affirming a decision of the Kentucky Unemployment Insurance Commission (hereinafter the Commission) which denied him unemployment benefits. We find that Hicks was not given the chance to meaningfully present his evidence to the Commission Referee; therefore, we reverse and remand for a new hearing.

Hicks began his employment with CBS Personnel on or about February 22, 2006. CBS is a temporary employment agency and Hicks worked for them as a driver. As part of his position, he was required to maintain a Commercial Drivers License (CDL). Hicks has diabetes and is required to obtain an Interstate Medical Waiver from the Federal Department of Transportation in order to qualify for a CDL.

On August 25, 2008, at the time of Hicks' departure from CBS Personnel, he had been placed with and was working for Verst Group Logistics. While working for Verst, he was unable to obtain the Interstate Medical Waiver; therefore, he was unable to renew his CDL. This then led to his termination from CBS Personnel.

Hicks then filed for unemployment insurance benefits, which were initially awarded. On December 21, 2009, the Division of Unemployment Insurance determined that Hicks was disqualified from receiving unemployment insurance benefits because he had been discharged for misconduct. Hicks appealed this decision to a Commission Referee. A hearing was set for February 11, 2010. The day of the hearing, Hicks' counsel was informed that it was being rescheduled due to a conflict with the hearing officer's schedule. During this conversation with a Commission

representative, Hicks' counsel inquired as to how to obtain a subpoena to acquire information from the Commission and CBS Personnel to be used at the hearing. The Commission representative indicated the steps required, which Hicks' counsel complied with; however, no subpoena was issued and the documents requested were never delivered to Hicks.

The hearing was rescheduled for March 18, 2010. At the start of the hearing, Hicks' counsel requested a continuance due to the fact he was never granted the subpoena and did not have the documents he requested. The Referee denied the request. At the conclusion of the hearing, the Referee found that Hicks had voluntarily left the employer without good cause due to his inability to maintain his CDL. Leaving an employer without good cause disqualifies one from receiving unemployment benefits. The Commission upheld the findings of the Referee. Hicks then appealed to the Jefferson Circuit Court. The circuit court also affirmed the findings. This appeal followed.

■ We find one of Hicks' arguments requires reversal and remand for a new hearing. Hicks requested a subpoena to collect evidence he would use in his administrative hearing, but no subpoena was issued. The Commission does not deny that this request took place. The record in this case shows Hicks' counsel requested an administrative subpoena in order to receive documents relating to any statements Hicks made to Commission investigators or other representatives. Specifically, Hicks' counsel was seeking documents relating to an interview that took place in late 2009 and led to the Commission's determination that Hicks was terminated for misconduct. Hicks was also seeking his complete employment file and any documents made in the course of business from CBS Person-

nel concerning his employment, as well as any medical documentation CBS Personnel may have retained. The Commission, in affirming the decision of the Referee, stated that the documentation Hicks was requesting "is primarily documentation the claimant should have had in his possession." This is not necessarily true, particularly as it relates to information regarding an investigation by the Commission and Hicks' employee file from CBS Personnel.

■ "Due process requires, at a minimum, that persons forced to settle their claims of right and duty through the judicial process be given a meaningful opportunity to be heard." *Utility Regulatory Comm'n v. Kentucky Water Service Co., Inc.,* 642 S.W.2d 591, 593 (Ky.App.1982) (*citing Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971)). "An administrative agency is prohibited from acting in an arbitrary manner by § 2 of the Kentucky Constitution." *Bunch v. Personnel Bd., Commonwealth of Kentucky,* 719 S.W.2d 8, 10 (Ky.App.1986) (*citing Pritchett v. Marshall,* 375 S.W.2d 253 (Ky.1964)). Here, Hicks was denied a subpoena and a continuance. This was an arbitrary denial of due process. Hicks should have been granted his subpoena, or at least given a continuance in order to try to obtain another subpoena. Hicks was denied his meaningful opportunity to be heard because he was prohibited from collecting evidence to be used during his hearing.

We therefore reverse and remand for a new hearing. This will allow Hicks the opportunity to obtain a subpoena and acquire the evidence he requested from the Commission and CBS Personnel.

THOMPSON, Judge, concurs.

MAZE, Judge, dissents and files separate opinion.

MAZE, Judge, dissenting.

Respectfully, I dissent from the majority opinion because I do not believe that Hicks has shown prejudice from the Commission's refusal to issue a subpoena as requested. As an initial matter, I do not condone the Commission's handling of the matter. Hicks made two requests for a subpoena prior to the hearing before the Referee, but the Commission did not advise him that it was denying the requests until the day of the hearing. The Commission should have advised Hicks of its decision before the hearing.

Nevertheless, I disagree with the majority that the Commission's refusal to issue the subpoena violated Hicks' due process rights. Hicks concedes that he was required to maintain his CDL license and that his failure to do so violated a condition of his employment. However, he argues that the records would show that he had sought continued employment through CBS in any capacity not requiring a CDL license. But even if this is the case, Hicks' failure to obtain the waiver necessary to maintain his CDL license did not fulfill his responsibility of meeting the condition precedent required for continuation of his employment as a driver. Since the records requested would not alter this fact, Hicks was not unfairly prejudiced from the denial of his requests for a subpoena or a continuance. Under the circumstances, there was substantial evidence to support the Commission's finding that Hicks voluntarily left his employment without good cause. Consequently, the Jefferson Circuit Court properly affirmed the Commission's decision.